ALVIN B. CHARPIE et al., *Appellants*, v. HIRAM STOUT
et al., *Appellees.*

No. 17,860.

OPINION DENYING A REHEARING.

HEADNOTE BY THE REPORTER.

1. EJECTMENT—*Possession—Contract Proven Within the Issues.*
In ejectment where the plaintiff claims by virtue of an oral
contract with the owner that she was to have the land in pay-
ment of an existing debt, and the trial court found that she
was given possession under an oral contract that she was to
have the land as security for the debt, either agreement would
entitle her to possession, and the contract proven was within
the issues.

2. —— The former decision (88 Kan. 318, 128 Pac. 396) as to
the law applicable to the case is affirmed.

Appeal from Kingman district court. Opinion de-
nying a rehearing filed February 8, 1913. Rehearing
denied. (For original opinion, see *ante,* p. 318, 128
Pac. 396.)

*J. Q. Jenkins,* and *John H. Connaughton,* both of
Kingman, for the appellants.

*George L. Hay,* of Kingman, for the appellees.

*Per Curiam:* In a petition for rehearing it is strenu-
ously insisted that an issue was decided in this court
not presented in the district court.

The action is in ejectment. The plaintiffs claimed
the right of possession under a tax deed and also under
a verbal agreement, alleging that Hiram Stout, being
indebted to Belle Charpie in the sum of about $2000,
agreed to convey the land to her in settlement of that
debt, and in pursuance of that agreement placed her
in possession of the land. On the trial it appeared that
the agreement under which she took and held the pos-
session was that she should have the land as security
instead of payment. Either agreement would give her

the right of possession, and therefore was pertinent to the issue. It is said that the abstract was deemed sufficient upon the assignments of error presented, but raised no question as to the rights of a mortgagee in possession. Interpreting this as a suggestion that material evidence may not have been abstracted, the transcript has been read, but no evidence is found rebutting or qualifying that referred to in the opinion upon which it was held that Belle Charpie had the rights of a mortgagee in possession. On the contrary, other testimony is found confirming that view.

It is said in the petition for rehearing that the defendants might have shown declarations of Belle Charpie that the possession of the land at her death should pass to the appellee, had the issue finally decided been raised at the trial. That evidence was as competent to rebut the claim based on an agreement for sale as upon an agreement for security. The right of possession was in issue upon either claim.

It is also urged that the evidence shows that the land was conveyed to Ella Stout by the Kingman Real Estate Company, and the title thereto never vested in Hiram Stout while Belle Charpie was in possession. A deed from Hiram Stout to that company is in evidence, the date of which does not appear, but it was made after the tax deeds had been executed, as appellees say in their brief, at which time they also say that Mr. Stout owned the land. It was reconveyed by the same company to Ella Stout on July 31, 1909. It therefore appears that both the conveyances were made while Belle Charpie was in full possession, which she held undisturbed until her death. Mr. Stout testified that he owned the land, and no claim was made by any one that he did not until after it was conveyed to his wife.

Section 581 of the civil code requires this court to render such judgment as justice requires or to direct such judgment to be rendered without regard to technical errors and irregularities. It would be manifestly

unjust to hold that the creditor or her heirs should be deprived of the possession of the premises held by her at her death as security for an admitted debt, without payment being made. The fact that a broader claim was made by the plaintiffs does not deprive them of the lesser one sustained by the proof, which was not, as counsel say, outside the issue, but was within it.

The decision enforces the agreement. The heirs of Belle Charpie have their security, and the debtor has his right to redeem. This just result should not be defeated by any misconception of the issues which does not affect the substantial right of the parties. (Civ. Code, § 141; *Worth v. Butler,* 83 Kan. 513, syl. ¶ 3, 112 Pac. 111.)

The petition for rehearing is denied.