No. 35,833

Tom Palmer, *Appellee*, v. The State Commission of Revenue and Taxation, *Appellant*.

(135 P. 2d 899)

Opinion filed April 10, 1943.

*James D. Dye,* of Ottawa, argued the cause, and *Mason Mahin,* of Smith Center, was on the briefs for the appellant.

*Charles E. Jones,* of Wichita, argued the cause, and *Mark H. Adams* and *J. Ashford Manka,* both of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an income tax case. Tom Palmer, the taxpayer, appealed to the district court from the ruling of the State Commission of Revenue and Taxation and prevailed. The commission has appealed to this court.

The taxes in question pertain to the years 1937 and 1938 in the respective amounts of $1,144.62 and $93.72, plus interest, or a total sum of $1,268.89. Appellee contends he owes no part thereof for either year, but concedes the total amount is mathematically correct if the interpretation placed by the commission on pertinent provisions of the state income tax law is correct.

The question at issue arises out of dividends paid by The Palmer Oil Corporation to Tom Palmer, its principal stockholder, and the decision turns primarily upon the proper interpretation of G. S. 1935, 79-3205 (b) (10). The facts were stipulated and, insofar as essential to a review, are:

"II. Taxpayer, Tom Palmer, is a resident of the city of Wichita, Sedgwick County, Kansas, and the appellee, State Commission of Revenue and Taxation, is the agency of the State of Kansas charged with the duty of enforcement of the income tax laws of said state. Said Commission being created by the Legislature of the state of Kansas pursuant to G. S. 1941 Supp., 74-2410 - 74-2423, inclusive.

"III. The Palmer Oil Corporation, a corporation, was organized under the laws of the state of Kansas in the year 1935 and the Taxpayer, Tom Palmer, has been at all times material herein the sole stockholder of said corporation, except for a few qualifying shares. The Palmer Oil Corporation, during the years 1935 and 1938, inclusive, was engaged exclusively in the oil and gas business and for such years said corporation prepared and filed with the Income Tax Division, of the Commission, its income tax returns and paid for each of said years all income taxes imposed and required to be paid under the provisions of the Kansas Income Tax Act.

"IV. The Palmer Oil Corporation, a corporation from which the Taxpayer received the dividends upon which the Commission's assessment is based, uses or recognizes, in computing net income, cost depletion as an operating expense and in computing its net income subject to tax under the provisions of the Kansas Income Tax Act for the years 1935 to 1938, inclusive, it claimed the statutory percentage depletion of 27½ percent as allowable under the provisions of G. S. 1935, 79-3213 (c) (1), which statute reads as follows:

" 'In the case of oil and gas wells, the allowance for depletion under section 79-3206 (a) (11) as amended herein shall be 27½ percent of the gross income from the property during the taxable year, excluding from such gross income an amount equal to any rents or royalties paid or incurred by the taxpayer in respect of the property. Such allowance shall not exceed 50 percent of the net income of the taxpayer (computed without allowance for depletion) from the property, except that in no case shall the depletion allowance be less than it would be if computed without reference to this paragraph.'

"The books and records of the Palmer Oil Corporation include as earnings or profits the amount which the statutory or percentage depletion allowances computed under G. S. 1935, 79-3213 (c) (1) exceeds depletion sustained on a cost depletion basis and for the years 1935 to 1938, inclusive, such earnings or profits were transferred on the books of the corporation to its surplus account from which account dividends were paid to the Taxpayer for the years 1935 to 1938, inclusive. The following schedule shows the transaction in this respect:

| Year | Net taxable income after the percentage depletion allowance | Net income transferred to surplus | Dividends paid to the taxpayer |
|---|---|---|---|
| 1935 | $48,867.64 | $199,492.87 | $15,250.00 |
| 1936 | — 14,508.93 | 132,270.43 | 30,250.00 |
| 1937 | — 92,715.87 | 70,573.78 | 30,250.00 |
| 1938 | — 117,340.57 | — 50,477.76 | 5,250.00 |

"V. The Palmer Oil Corporation filed its corporate income tax returns with the State of Kansas for the years 1937 and 1938 and, after claiming the statutory deductions allowable, including statutory depletion as computed under G. S. 1935, 79-3213 (c) (1), sustained a loss from its operations for Kansas Income Tax purposes in the amount of $93,318.23 for 1937 and $154,741.96 for 1938, as reflected by said returns and said corporation was therefore not liable for and paid no Kansas Income Tax on net income or earnings for either of said years. That said corporation declared and paid dividends to the Taxpayer, Tom Palmer, for the year 1937, amounting to $30,250 and for the year 1938, $5,250.

"VI. The loss computed or shown to have been sustained from operations by the Palmer Oil Corporation on its income tax return referred to in Paragraph V, hereof, for the year 1937, in the sum of $93,318.23, exceeds the net taxable income after percentage depletion allowance of said corporation for the year 1937, as shown in Paragraph IV of this Stipulation to be $92,715.87, by the sum of $602.36. This difference is occasioned by reason of the fact that on its income tax return to the State of Kansas, the Palmer Oil Corporation

included in its return a loss sustained by reason of operations in Oklahoma, in the amount of $602.36. The loss computed or shown to have been sustained from operations by the Palmer Oil Corporation on its income tax return refered to in Paragraph V, hereof, for the year 1938, in the sum of $154,741.96, exceeds the net taxable income after percentage depletion allowance of said corporation for the year 1938, as shown in Paragraph IV of this Stipulation to be $117,340.57, by the sum of $37,401.39. This difference is occasioned by reason of the fact that on its income tax return to the State of Kansas, the Palmer Oil Corporation included in its return a loss sustained by reason of operations in Oklahoma, in the amount of $37,401.39. No question is raised in this proceeding as to the correctness of the income tax returns of the Palmer Oil Corporation.

"VII. That the Taxpayer, Tom Palmer, filed his individual income tax return with the Income Tax Division of the Commission for the years 1937 and 1938, and, in computing his net income subject to tax under the provisions of the Kansas Income Tax Act, the Taxpayer deducted from his gross income the dividends declared and paid to him by the Palmer Oil Corporation in the sum of $30,250.00 for the year 1937 and $5,250.00 for the year 1938, claiming such dividends to be exempt from taxation under the provisions of G. S. 1935, 79-3205 (b) (10). The Commission, in its final order dated May 20, 1942, disallowed Taxpayer's deduction of $30,250.00, the same being the dividends paid to him by the Palmer Oil Corporation for the year 1937 to the extent of $26,882.36 and further, in said order, disallowed Taxpayer's deduction of $5,250.00 for the year 1938 as dividends paid to him by the Palmer Oil Corporation in its entirety, basing its order upon its finding that such dividends were not exempt for the reason that the same did not constitute—

   " 'that portion of dividends received from corporation representing earnings of such corporation on which an income tax has been paid to this state . . .'

"within the meaning of G. S. 1935, 79-3205 (b) (10), which statute reads as follows:

   " '(b) gross income does not include the following items which shall be exempt from taxes under this act . . . (10) *that portion of dividends received from corporation representing earnings of such corporation on which an income tax has been paid to this state: Provided,* That no exemption shall be allowed in any case where such corporation derives less than 15% of their net income from sources within this state.'

"VIII. The basis of the Commission's order of May 20, 1942, disallowing Taxpayer's deduction for dividends paid by the Palmer Oil Corporation to the extent of $26,882.36, for the year 1937, and to the extent of $5,250, for the year 1938, is set forth in the following schedule in which appears a statement of the earnings of the Palmer Oil Corporation which were transferred to the earned surplus account of the Corporation and upon which income taxes were, in fact, paid to the State of Kansas. A statement of the annual dividends declared by the Palmer Oil Corporation for the years 1935 to 1938, inclusive, is set forth and from this schedule, the percent to which such dividends were taxable in the hands of the taxpayer under the Commission's interpretation of the law has been computed for each of said years:

| Year | Amount of net income upon which income tax was paid to Kansas<br>A | Dividend paid<br>B | Percent taxable to taxpayer | Balance of net income upon which Kansas income tax has been paid<br>C* |
|---|---|---|---|---|
| 1935 | $48,867.64 | $15,250.00 | None | $33,617.64 |
| 1936 | None | 30,250.00 | None | 3,367.64 |
| 1937 | None | 30,250.00 | 88.867 | —26,882.36 |
| 1938 | None | 5,250.00 | 100 | —32,132.36 |

* C = A — B.

"IX. For the years 1937 to 1938, inclusive, the Palmer Oil Corporation, a corporation from which Taxpayer received the dividends in question herein, derived more than 15% of its net income from sources within the state of Kansas and no contention is made on the part of the Commission that Taxpayer is not entitled to deduct such dividends by reason of the fact that said corporation derived less than 15% of its net income from sources within Kansas."

For brevity we shall refer to The Palmer Oil Corporation as the corporation. The pertinent provisions of G. S. 1935, 79-3205 (b) (10) are set forth in paragraph VII of the stipulation. The trial court interpreted that statute as follows:

"The court further finds that the income tax laws should be interpreted and construed as a whole and by such construction finds that it was the purpose and intent of the Legislature of the State of Kansas, in the enactment of G. S. 1935, 79-3205, to exempt from income tax *all dividends paid by a corporation* when not less than 15% of its net income was derived from sources within the state of Kansas, and when said corporation duly filed its income tax returns with the State of Kansas and paid all income tax required to be paid by it under the Laws of the State of Kansas, and that judgment on this appeal should be rendered for the appellant." (Emphasis supplied.)

Did the lawmakers intend the statute should be given that effect? In view of the facts in the instant case, it may be well to note first the proviso appended to the statute. The exemption exists only under the condition stated in the proviso. Here it is conceded the corporation was within the terms of the proviso and hence the preceding portion of the statute requires interpretation and application to the stipulated facts.

Does the language employed support the interpretation of the trial court that *"all dividends* paid by a corporation," etc., are exempt to stockholders for income tax purposes or does the statute exempt only certain dividends? Does the language employed in the statute indicate the lawmakers intended to exempt from a stockholder's income tax, dividends received by him from a corporation, when the corporation had paid no income tax on the earnings out of which it paid the dividends to the stockholder? We cannot es-

cape the conclusion these questions are clearly answered by the plain language of the statute. In the first place the exemption clearly applies to some, but not to all, dividends. To what dividends does it apply? It applies only to (a) *that portion* of dividends received from corporations (b) which dividends represent earnings of such corporations and (c) on which earnings an income tax has been paid to this state.

Under the stipulated facts it is conceded the corporation did not pay, and was not required to pay, income taxes to the state for the year 1937 or 1938. It is no answer to the language of the statute for an individual stockholder, under the facts and circumstances here existing, to say the corporation was not required to pay an income tax for the years 1937 and 1938 and therefore he (the stockholder) was not required to pay such a tax on dividends he received from the corporation during those years.

It will be noted it was stipulated: The statutory percentage basis of depletion of 27½ percent exceeded depletion actually sustained on a cost basis; the difference in the amount represented by the two methods of calculating depletion was included as earnings, or profits, on the books of the corporation and that such amount was transferred to the surplus account of the corporation; the dividends in question were paid to appellee out of that surplus. (Stipulation, ¶ IV.)

It is true the corporation was authorized by statute to deduct from its gross income depletion on a percentage basis for its own corporate income tax purposes notwithstanding the fact such basis of depletion exceeded cost, or actual, depletion. That authorization, however, constituted a concession, privilege or gift from the state to the corporate entity. The fact the corporation was authorized to make such a deduction from its gross income, and reduce its net income to a point which disclosed it was operating at a bookkeeping loss, and hence was not subject to pay an income tax, did not prevent it from paying dividends to appellee out of its earnings. In fact, the statutory percentage depletion enabled the corporation to create a surplus account and to pay dividends to its stockholders out of that surplus which represented earnings of the corporation on which it had paid no income tax.

We think the true intent and purpose of the present statute, as heretofore indicated, is made doubly clear when we consider the language employed in a previous statute on the same subject.

The pertinent portion of G. S. 1933 Supp. 79-3205 (b) (10), before amendment in 1935, provided: "(b) Gross income does not include the following items which shall be exempt from taxation under this act: . . . (10) dividends from corporations which pay a tax under the provisions of this act if at least 50 percent of their net income is derived from sources within this state."

Appellee argues the 1933 law was amended in order to eliminate its unsatisfactory requirement that at least 50 percent of the net income had to be derived from sources within the state. That undoubtedly was one of the reasons which prompted an amendment or the provision would not have been changed in the 1935 law. Obviously, however, that was not the only change intended. Manifestly it was also the intent and purpose of the 1935 law to limit and restrict the extent of the exemption granted under the law of 1933. The exemption under the old law applied to dividends generally while the 1935 law clearly limits and restricts the exemption to *"that portion of dividends,"* etc.

We do not deem it necessary to treat at length the further subject to which the parties have addressed themselves; namely, whether the dividends received by appellee from the corporation constitute an exemption or merely a deduction from gross income. The statute expressly refers to them as an exemption and that, we think, was clearly the legislative intent. Taxation is the rule and exemption the exception. Exemption provisions must be strictly construed against the claimant for exemption and a person claiming exemption must bring himself clearly within the terms and provisions of the law creating it. (*Clinton v. State Tax Commission,* 146 Kan. 407, 71 P. 2d 857; *State Tax Comm. v. Board of Education,* 146 Kan. 722, 73 P. 2d 49.) Here the statute is plain and unambiguous and it affirmatively appears appellee has not brought himself within the exemption created.

Nor would it aid appellee if the dividend provision was intended to constitute a deduction rather than an exemption. Deductions, like exemptions, are privileges and are allowed merely as a matter of legislative grace. They are allowed only when granted by clear language and a person claiming deductions must show that he comes within the provision granting them. (*Nutrena Mills, Inc., v. State Tax Comm.,* 150 Kan. 68, 75; 91 P. 2d 15; *Mertens Law of Federal Income Taxation,* 68-70.) The judgment is reversed.