No. 39,971

ASSEMBLY OF GOD, Sterling, Kansas, a Religious Corporation, *Plaintiff*, v. MISS LAURA SANGSTER, Register of Deeds of Rice County, Kansas, *Defendant*.

(290 P. 2d 1057)

Opinion filed December 10, 1955.

*Mark L. Bennett*, of Topeka, and *J. S. Bracewell*, of Houston, Texas, argued the cause, and *John E. DuMars* and *Clayton M. Davis*, both of Topeka, were with them on the briefs for the plaintiff.

*Thomas M. Evans*, Assistant Attorney General, argued the cause, and *Harold R. Fatzer*, Attorney General, and *Granville M. Bush*, County Attorney, Rice County, were with him on the briefs for the defendant.

The opinion of the court was delivered by

PRICE, J.: This is an original proceeding in mandamus whereby it is sought to compel the register of deeds of Rice County to record a certain bond resolution upon payment of the fee required for the recording of an instrument affecting real estate, but *without* payment of the mortgage registration fee.

The question involved is whether the instrument is one by which a lien is created or imposed upon real property.

The case is before us on plaintiff's motion for a writ of mandamus, to which is attached a copy of the instrument, and defendant's motion to quash. In the interest of accuracy, the pleadings (omitting formal parts), together with material portions of the instrument in question, are set out in full as an appendix to this opinion.

The instrument was tendered for record under G. S. 1953 Supp. 67-221, which reads in part:

"Every instrument in writing that conveys real estate, . . . or whereby any real estate may be affected, . . . may be recorded in the office of register of deeds of the county in which such real estate is situated: . . ."

G. S. 1949, 79-3101, reads in part:

"The words 'real property' and 'real estate' as used in this act, . . . shall include all property a conveyance or mortgage of which is entitled to record as real property or interest therein under the laws of this state. The words 'mortgage of real property' shall include every instrument by which a lien is created or imposed upon real property, notwithstanding that the debt secured thereby may also be secured by a lien upon personal property. . . ."

G. S. 1949, 79-3102, reads in part:

"Before any mortgage of real property, or renewal or extension of the same shall be received and filed for record . . . , there shall be paid to the register of deeds of the county in which such property or any part thereof is situated, a registration fee for each one hundred dollars and major fraction thereof, of the principal debt or obligation which is secured by such mortgage, the sum of 25 cents; . . ."

Before proceeding to a discussion of the provisions of the instrument in question a few fundamental principles should be stated.

The fee in question, commonly referred to as the mortgage registration fee, has been held to be a tax. (*Home Owners' Loan Corp. v. Anderson,* 145 Kan. 209, 64 P. 2d 14.)

The mortgage registration fee act applies only to mortgages on real estate. (*National Bank of Tulsa v. Warren,* 177 Kan. 281, 285, 279 P. 2d 262.)

It is an elementary rule of law that taxation is the rule—exemption the exception, and that exemption provisions are to construed strictly against the claimant for exemption. (*Palmer v. Commission of Revenue and Taxation,* 156 Kan. 690, 135 P. 2d 899; *First Nat'l Bank v. Lovitt,* 158 Kan. 535, 148 P. 2d 738, and *Clements v. Ljungdahl,* 161 Kan. 274, 167 P. 2d 603.)

Notwithstanding the fact there is a statute (G. S. 1949, 67-303) which sets out a "short form" of mortgage, it has been held that in order to create a mortgage contract no particular "form" of instrument is necessary and no particular words are required. The "form" of an agreement by which security is given is unimportant if the purpose plainly appears. All that is necessary is that there be a debt and that the instrument creates a *lien* on real property as security for the payment of the debt. (*Charpie v. Stout,* 88 Kan. 318, 128 Pac. 396 [rehearing denied 88 Kan. 682, 129 Pac. 1166]; *Hall v. Goldsworthy,* 136 Kan. 247, 249, 14 P. 2d 659.)

Art. 11, § 1, of our Constitution, exempts from taxation property which is used exclusively for religious purposes. (See also G. S. 1949, 79-201.)

G. S. 1949, 79-3102, *supra,* does not exempt a mortgage on church property from payment of the mortgage registration fee. The only exceptions are in cases where a mortgage or instrument is given solely for the purpose (1) of correcting or perfecting a previously recorded mortgage or other instrument, or (2) for the purpose of providing additional security for the same indebtedness where the registration fee has been paid on the original mortgage or instrument. (Lovitt case, *supra,* p. 540.)

As already shown, the statute (G. S. 1949, 79-3101) defines a mortgage of real property as including every instrument "by which a lien is created or imposed upon real property."

The word "lien" has been variously defined as being a hold or claim which one has upon the property of another as security for a debt or charge, as a tie that binds property to a debt or claim for its satisfaction, as a right to possess and retain property until a charge attaching to it is paid or discharged, as a charge imposed upon specific property by which it is made security for the performance of an act, and as being synonymous with a charge or encumbrance upon a thing. (*Mendenhall v. Burnette,* 58 Kan. 355, 363, 49 Pac. 93; *Bisby v. Quinby,* 92 Kan. 86, 140 Pac. 635; 33 Am. Jur., Liens, § 2, p. 419; 53 C. J. S., Liens, § 1, p. 826.)

The question before us, therefore, resolves itself into the determination whether the instrument in question creates or imposes a "lien" upon the described property of the church.

In our opinion it does, and therefore the mortgage registration fee must be paid before the instrument is entitled to be recorded.

It is quite true that the instrument is not in the "form" of a mortgage, in the usual sense of the word, but, as already stated, the form of an agreement by which security is given is unimportant if the *purpose* plainly appears, and we think there can be no doubt as to the purpose of this instrument, notwithstanding the fact that on the printed form appears the self-serving typed-in statement (Section XV) that the instrument is not intended as a mortgage on the described real property of the church.

The preamble to the instrument states that plaintiff desires to provide for the payment of indebtedness incurred in the construction of a church. Section II earmarks the church collections for payment of the bonds. Under Section III the proceeds from the sale of bonds are to be used exclusively for payment of obligations created in erecting and equipping a church. Section IV states that the property in question is now free and clear of all encumbrances and plaintiff binds and obligates itself that the property will not be encumbered in any manner; that no *further liens* or claims of any character shall be permitted to attach to the property while the bonds in question, or any of them, are outstanding, and that the property will not be sold while bonds are outstanding unless the purchaser shall assume and agree to pay such outstanding and unpaid bonds. The next section recites plaintiff's obligation to keep the property insured against loss by fire to the full amount of all bonds outstanding. Section VI provides that no bonds shall be issued other than for the purposes therein authorized while any bonds of the series in question are outstanding. Section VIII provides that suit may be filed in the event of defaults therein enumerated. The form of bond states that plaintiff has covenanted that the property will not be *further mortgaged or encumbered* while any of the bonds in question are outstanding and unpaid; that failure to pay any bond or interest coupon when due, shall, at the option of the legal owners, mature all of such bonds outstanding, and that in case a bond is placed in the hands of an attorney for collection, or in the event suit is filed, plaintiff agrees to pay a rea-

sonable attorney's fee. Section XIII authorizes the church official to file the instrument for record in the office of the register of deeds.

Plaintiff concedes that the instrument "affects" real estate, for otherwise it would not be eligible for recording. From a careful reading of the entire document it seems clear that the manner in which real estate is "affected" is that the bondholders are given a *lien* on the property. That being the case, under the statute, payment of the mortgage registration fee is a prerequisite to recording.

Plaintiff further argues that under the liberal public policy of the state in exempting religious activities and property devoted to religious purposes from all forms of taxation, it will not be presumed that the mortgage registration fee act was intended to require a church to pay a tax as a condition precedent to filing an instrument of record affecting its real estate.

One answer to this contention is that the legislature has seen fit to deal with the subject exempting church property from taxation (G. S. 1949, 79-201), but, as previously stated, the mortgage registration fee act contains no provision whatever exempting a mortgage on church property from payment of the required fee as a prerequisite to recording. Furthermore, it is the mortgagee, and not the mortgagor, who is interested in seeing that a mortgage on real estate is recorded, and it is he who pays the fee in question.

Finally, it is contended that even though the bond resolution be construed as a mortgage, the fee cannot be collected because plaintiff is a religious corporation, not organized for profit, and any such tax would be in violation of the first and fourteenth amendments to the federal constitution, and of section 7 of the bill of rights of our own constitution.

The first amendment to the federal constitution provides that congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof.

Section 1 of the fourteenth amendment to the federal constitution provides, among other things, that no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, and that no state shall deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws.

Section 7 of the bill of rights of our own constitution concerns the right to worship according to the dictates of one's own conscience, and provides that such right shall never be infringed.

Plaintiff's contention appears to be that, under the rule often announced by the supreme court of the United States to the effect that no tax can be levied against any religious activity when the payment of it is a condition precedent to freely carrying on such activity, the imposition and collection of the mortgage registration fee in question is unlawful.

We are aware of nothing in either the federal or our own constitution which prohibits the collection of this fee. Its collection is in no way an interference with or restraint upon religious activity. One reason is that, as previously stated, it is the mortgagee, not the mortgagor, who is interested in recording a mortgage, and who pays the fee. And, as a practical matter, the fact that a mortgagor and mortgagee agree between themselves that the former will reimburse the latter for the amount of the fee does not, from a legal standpoint, alter the situation, and in no sense of the word does the collection of the fee amount to an interference with religious activities.

The motion for a writ of mandamus is denied.

---

## APPENDIX

### Motion for Writ of Mandamus

Comes now the plaintiff and moves the court for an order directing the clerk of this court to issue a writ of mandamus to the defendant, and in support of said motion respectfully shows to the court:

1. Defendant, Laura Sangster, is and at all times hereinafter mentioned was the duly elected, qualified and acting Register of Deeds of Rice County, Kansas.

2. Plaintiff is a religious corporation organized under the laws of the State of Kansas, with its principal office at Sterling, Rice County, Kansas.

3. On July 14, 1954 plaintiff passed and enacted its certain corporate resolution authorizing the issuance by plaintiff of bonds in the principal sum of $10,000 in accordance with the "Broadway Plan" of church finance, payable according to the tenor thereof over a period of twelve years, for the purpose of raising funds with which to erect and equip a house of worship on certain real estate owned by plaintiff located in Rice County, Kansas. A copy of such resolu-

tion is hereto attached marked Exhibit "A" and made a part hereof by reference as though fully set out herein.

4. Plaintiff alleges that said bond resolution, a copy of which is marked Exhibit "A" and attached hereto, was duly and properly acknowledged as an instrument in writing whereby real estate may be affected and is entitled to recordation in the office of the Register of Deeds of Rice County, Kansas under the provisions of G. S. 1949, 67-221.

5. Plaintiff further alleges that said resolution, a copy of which is marked Exhibit "A" and attached hereto, does not create or impose a lien upon real property and is not a mortgage of real property within the provisions of Chapter 79, Article 31, of the General Statutes of Kansas 1949, and is not under the laws of the State of Kansas subject to a mortgage registration tax as a condition precedent to being recorded in the office of the Register of Deeds of Rice County, Kansas.

6. Plaintiff further alleges that the revenues referred to in Section 2 of the bond resolution are revenues received by way of contributions from the congregation of the church to carry on its religious activities.

7. The plaintiff is a corporation and is not organized for profit. The purpose for which it is formed is to establish and maintain a place of worship and to do all things incident and pertinent to such purpose. The said resolution so enacted by it, as set forth in Exhibit "A", specifically recites that the proceeds from the sale of the securities authorized to be issued by it, "shall be used exclusively for the payment of obligations created for the purpose of erecting and equipping a house of worship on the property hereinafter described and for such other improvements and equipment on said property as it may be deemed advisable to make and acquire with said funds". The securities issued by said church pursuant to such resolution likewise show upon their face that they are securities of a religious corporation issued for the purpose of erecting a house of worship on property owned by said church.

8. The activities of the plaintiff in the issuance and sale of its said securities for such purpose were, as above alleged, clearly in the nature of religious activities. The requirement on the part of defendant that a tax be paid as a condition precedent to engaging in such religious activity by the church was in violation of the constitutional prohibition against governmental restraint upon re-

ligious activity, as set forth in the First and Fourteenth Amendments of the Constitution of the United States of America and Section Seven of the Bill of Rights of the Kansas Constitution.

9. On the 25th day of August, 1954, a certified copy of such resolution was tendered to the defendant as Register of Deeds of Rice County, Kansas for filing in the office of said Register of Deeds, and at the same time plaintiff tendered to defendant the sum of $4.75 in payment of the recording fee, which sum was the proper and legal fee for the recording of such instrument.

10. On September 15, 1954 defendant refused to record said instrument, a copy of which is marked Exhibit "A" and attached hereto, and returned the same to plaintiff without recordation, stating as reasons for such refusal that said instrument would not be recorded in the records of the Register of Deeds of Rice County, Kansas without the payment of a tax applicable to the recording and registration of mortgages on real estate.

11. Plaintiff alleges that the refusal of defendant as Register of Deeds of Rice County, Kansas to record the instrument, a copy of which is marked Exhibit "A" and attached hereto, upon the payment of the recording fee tendered, as hereinabove alleged, is a failure to perform an act which the law specifically enjoins defendant to do as a duty resulting from her office as Register of Deeds of Rice County, Kansas.

12. Plaintiff has no adequate, plain and complete remedy at law in the premises and is entitled as a matter of legal right to have the instrument, a copy of which is marked Exhibit "A" and attached hereto, recorded in the office of the Register of Deeds of Rice County, Kansas without the payment of a tax applicable to the registration of mortgages on real estate; and plaintiff will suffer irreparable damage and injury if said instrument is not recorded by defendant as requested, in that plaintiff will be unable to issue and sell the bonds authorized by its resolution.

WHEREFORE, plaintiff prays this court to issue to the defendant a writ of mandamus commanding her to record said instrument, a copy of which is attached hereto marked Exhibit "A", and to adjudge the defendant to pay the damages which plaintiff may have sustained, and the costs of this action, including a reasonable attorneys' fee; and such other and further relief to which it in equity is entitled.

## EXHIBIT "A"

### CERTIFIED BOND RESOLUTION

THE STATE OF KANSAS
COUNTY OF RICE

WHEREAS, the ASSEMBLY OF GOD, STERLING, KANSAS desires to provide for the payment of the indebtedness incurred, if any, and to be incurred in the construction of a house of worship by and through the issuance of a series of bonds of the church in the sum of TEN THOUSAND ($10,000.00) Dollars, therefore;

BE IT RESOLVED BY THE SAID ASSEMBLY OF GOD, STERLING, KANSAS

SECTION I: That the church has and does by these presents authorize the issuance of said bonds in said sum of TEN THOUSAND ($10,000.00) Dollars, to be dated August 1, 1954, bearing interest at the rate of Five (5%) Per Cent per annum, payable semi-annually at the THE FARMERS STATE BANK IN STERLING, STERLING, KANSAS and maturing serially over a period of thirteen and one-half years; that said bonds shall be issued in accordance with the "Broadway Plan" of church finance, bearing the symbol thereof, and shall be executed by the minister, president and secretary of the Board of Trustees of the church; that the names of said president and secretary are hereby authorized to be printed on the interest coupons attached to said bonds; that the bonds shall also bear an approving certificate by an attorney, which may likewise be printed thereon, and the certificate of the church treasurer, acknowledging receipt for the payment of each bond.

SECTION II: That in order to pay the interest and the bonds as the same shall mature, there is hereby assigned, set aside and appropriated out of the weekly revenues of said church the sum of Ten ($10.00) Dollars each week, beginning the first week in August, 1954, and continuing weekly through the month of January, 1955, and the sum of Twenty ($20.00) Dollars per week, or so much thereof as may be necessary, beginning the first week in February, 1955, and continuing while said bonds, or any of them are outstanding; that should the revenues of said church not be sufficient for said deposit in any one week then the deficiency shall be made up from the revenues for the succeeding week or weeks; that said sum shall be deposited weekly out of the first revenues of said church in a special interest and sinking fund account in the above

named bank, and said bank is hereby authorized and directed to pay said bonds and coupons upon presentation as and when the same shall become due and without any further authorization; that unless otherwise specified herein said special interest and sinking fund account shall be expended for no purpose other than payment of the bonds and interest coupons as they mature; that said church will promptly pay from its general fund all charges by said bank for handling said account, including any exchange charges it may make for remitting the bond and interest payments to other banks; that said bank may, at its option, on thirty (30) days' advance notice to said church, withdraw from its duties hereunder and refuse to handle said special account, whereupon the bank's only liability will be to hand over the funds in its possession at that time to such other bank as the church in writing shall designate, and said church shall notify all known bondholders as to where said account is maintained and the church shall deliver any proper and necessary releases hereunder upon demand to the depositing bank designated in this resolution.

SECTION III: That as said bonds are sold, the Treasurer shall deposit all the proceeds of same in a separate fund in the depository bank, to be known as the "building fund" of the ASSEMBLY OF GOD STERLING, KANSAS; that unless otherwise provided in the last section hereof, the same shall be used exclusively for the payment of obligations created for the purpose of erecting and equipping a house of worship on the property hereinafter described and for such other improvements and equipment on said property as it may be deemed advisable to make and acquire with said funds; that said Treasurer shall make a performance guaranty signed by a representative number of the members of the church as sureties, guaranteeing that he shall perform his duties as Treasurer of said church, in accordance with this resolution, and specifically guaranteeing that he will maintain said interest and sinking fund account as required herein, and expend the building fund for the purposes authorized.

SECTION IV: That said bonds are issued for the payment of labor and material toward the construction and equipping of a house of worship, purchasing additional property, if any, and to pay off existing indebtedness incurred for said purpose, if any, as above set forth, the same to be located on property owned by said church described as the East Half (E ½) of Lot 282 on Broadway Street

in the City of Sterling, Rice County, Kansas as described in an instrument recorded in Book 108, page 343, in the office of the Register of Deeds, Rice County, Kansas; that the same, unless otherwise specified in the last section hereof, is now free and clear of all encumbrances; and the church binds and obligates itself, its successors and assigns, that the same will not be in any manner encumbered, and no further liens or claims of any character shall be suffered or permitted to attach to said property while said bonds, or any of them are outstanding; neither shall said property be sold during said time unless the purchaser thereof shall assume and agree to pay all of said bonds which are outstanding and unpaid.

SECTION V: That the church binds and obligates itself to keep said property insured against loss by fire in some reliable fire insurance company to the full amount of all of the bonds outstanding against the said church, and in the event of loss, the proceeds from such policy shall constitute a trust fund with which said improvements may be replaced or said bonds paid as the church may elect. Said policy of insurance shall be exhibited to any bondholder on demand during reasonable hours.

SECTION VI: It is further provided that said church, in developing its church program, may issue other and further bonds under this instrument on an equality with those herein authorized, and without priority of payment, by filing for record an appropriate resolution containing a schedule of said bonds and provision for the payment thereof; provided always, that no bonds shall ever be issued other than for the purposes herein authorized while any of the bonds of this series are outstanding.

SECTION VII: That upon the payment of all of said bonds and coupons, should there be any funds remaining in the special account herein created, the said bank is authorized and directed to pay the same to the Treasurer of said church, the same to be used as a part of the general revenues thereof. Should there be outstanding and unredeemed any of said bonds or interest coupons at the expiration of Two (2) years after the last of said bonds and interest coupons have matured, either by the terms thereof or by a call for earlier redemption as provided herein, the bank is authorized to pay to the Treasurer of said church all of the funds remaining in the special interest and sinking fund account for the redemption of such outstanding bonds and interest coupons, without liability to the bank or to the church; however, the church shall remain

liable for the payment of the same in accordance with the statutes of limitation in this State. Said bank is further authorized to make, execute, acknowledge and deliver any appropriate releases and declarations of payment, and all recitations of fact therein contained shall be prima facie presumed to be true.

SECTION VIII: Should there be a default in the payment of said bonds or the coupons as and when the same shall become due, or should any official of said church fail or refuse to perform any of the duties imposed upon such official by this instrument, the holders of Twenty-five (25%) Per Cent in amount of all the bonds outstanding may declare all bonds immediately due and payable and file suit on behalf of all the bondholders to enforce payment in any manner authorized by law; provided, however, that any bondholder may file suit immediately, upon default in the payment of any bond held by him.

SECTION IX: The church reserves the right to call in for payment any of said bonds at any interest paying period as provided herein and in such event will give to the bondholder written notice of an intention to call for payment said bond at least thirty (30) days before said interest paying date, and deliver to said bank, or any depository bank, a copy of said notice containing the series number and serial number of such bond. Said church at the time of such notice shall deposit in the special interest and sinking fund account in said bank a sufficient sum to pay the principal of said bond or bonds over and above the amount necessary to pay all bonds and interest maturing on said date. Said bond or bonds so called for payment shall cease to bear interest from and after such interest paying date.

In the event all of said bonds are called for payment and the addresses of any of the bondholders shall be unknown, notice of the proposed redemption of such bonds shall be published two consecutive weeks before such redemption date in some newspaper of general circulation in the above named county, and copy of such publication together with an affidavit as to the date on which the same was published shall be delivered to said bank.

SECTION X: That the above named bank be and is hereby appointed paying agent for the herein described obligations; that said bank shall have no trust functions or liabilities in connection with the bond issue herein provided, but shall act solely as paying agent under the terms of this resolution without any liability what-

soever, save and except for its own negligence; that the treasurer shall at all times, when requested, afford to such bank full information pertaining to said obligations and will without further authorization execute all necessary and appropriate checks, certificates and other documents with reference thereto. The bank shall be authorized to disclose information as to the status of the interest and sinking fund account to the Broadway Plan upon request.

. . . . . . . . . . . . .

SECTION XII: The form of said bond, the interest coupons, the attorney's certificate of approval, and the treasurer's receipt shall be substantially as follows:

No. _____　　UNITED STATES OF AMERICA　　$ _____
STATE OF KANSAS
COUNTY OF RICE
SYMBOL
ASSEMBLY OF GOD, STERLING, KANSAS
CHURCH BUILDING BOND
SERIES ONE

The ASSEMBLY OF GOD, STERLING, KANSAS a Kansas corporation, incorporated for religious purposes, for value received, hereby promises to pay to the bearer, on the ____ day of _____, 1954, at THE FARMERS STATE BANK IN STERLING, STERLING, KANSAS, the sum of _____ DOLLARS ($_____) in lawful money of the United States of America, together with interest thereon from the date hereof at the rate of Five (5%) Per Cent per annum, interest payable semi-annually on the 1st days of August and February of each year upon presentation and surrender of this bond and the proper coupons on maturity dates at said bank.

The maker hereof reserves the right to issue other bonds under the resolution of which this is a part and to redeem this bond at any interest paying period, by paying the principal and accrued interest; and in case the same shall be called in for redemption before maturity, notice thereof shall be given by the church to the bondholder, in accordance with the resolution referred to below, at least thirty (30) days before the date fixed for redemption; and should this bond not be presented for redemption when matured or called for redemption, the same shall cease to bear interest from and after said date.

This bond is one of a series of 47 bonds, numbered consecutively from one (1) to Forty Seven (47) inclusive, aggregating the sum

of Ten Thousand ($10,000.00) Dollars, issued by said church pursuant to a resolution passed by it duly authorizing the same to erect a house of worship on property owned by said church described as the East Half (E ½) of Lot 282 on Broadway Street in the City of Sterling, Rice County, Kansas, as described in an instrument recorded in Book 108, page 343, in the office of the Register of Deeds, Rice County, Kansas; and the church has covenanted that the same will not be further mortgaged or encumbered while any of said bonds are outstanding and unpaid; failure to pay any bond or interest coupon when due shall, at the option of the legal owners, mature all of said bonds outstanding.

And it is recited and certified that all acts, conditions and things required to be done under and by virtue of the resolution authorizing the issuance of this bond, have been properly done, happened and performed in regular and due form as required by said resolution, and that out of the first revenues of said church a sum sufficient to pay the interest and retire all the bonds of the series at maturity has been assigned and will be deposited in a separate account each week to be used for no other purpose.

In case this bond is placed in the hands of an attorney for collection, or suit is filed, then the maker hereof agrees and promises to pay reasonable attorney's fees by reason thereof.

. . . . . . . . . . . . . . .

SECTION XIII: That the President of the Board of Trustees of said church is hereby authorized and directed to certify to this resolution as the act and deed of said church and file the same for record in the office of the recorder of county above mentioned and do all acts necessary or appropriate to effect a lawful sale of said bonds.

SECTION XIV: The church hereby adopts as its seal, for the purpose of executing all instruments in connection with this bond issue only, the seal appearing on the foregoing form for said bonds.

SECTION XV: This instrument is not intended as a mortgage on the real property of the church, above described.

## MOTION TO QUASH ALTERNATIVE WRIT

Comes now the defendant and moves the Court for an order quashing the alternative writ heretofore issued, for the reason that the motion for writ of mandamus filed herein by plaintiff fails to show facts entitling the plaintiff to the relief sought and does not state facts sufficient to constitute a cause of action.