No. 46,936

In the Matter of the Appeal of the Board of Park Commissioners of the City of Wichita, Kansas, From an Order of the Board of Tax Appeals of the State of Kansas Dated June 23, 1971.

THE BOARD OF PARK COMMISSIONERS OF THE CITY OF WICHITA, KANSAS, *Appellant,* v. THE STATE OF KANSAS, ex rel., Harold A. Armold, Director of Taxation of the Department of Revenue of the State of Kansas, *Appellee.*

(512 P. 2d 1040)

Opinion filed July 14, 1973.

*Bernard V. Borst,* of Wichita, argued the cause, and *John Dekker,* of Wichita, was with him on the brief for the appellant.

*Robert L. Deam,* of Topeka, argued the cause, and *William L. Harris, Jr.,* was with him on the brief for the appellee.

*Per Curiam:* Appellant is the Board of Park Commissioners of the City of Wichita, Kansas, a quasi-municipal corporation vested with all the power and authority of the City of Wichita relating to parks and recreation facilities. On October 14, 1970, the board made application to the Director of Revenue, pursuant to K. S. A. 1970 Supp. 79-3606 (*d*), for a sales tax exemption certificate on purchases of materials for use in construction of the Linwood Park swimming pool and bath house. Construction of the pool was commenced in the fall of 1970, and it was completed and utilized for the first time May 29, 1971. Since users of the pool were charged admission and state sales tax under K. S. A. 1970 Supp. 79-3603 (*e*), the governmental exemption otherwise available to the board under K. S. A. 1970 Supp. 79-3606 (*b*) was nullified, and the Director denied the application. The order denying the application was affirmed by the Board of Tax Appeals and by the district court of Sedgwick County. The Board of Park Commissioners appeals, asserting the Director and the trial court erred in construing the statute and denying their exemption.

K. S. A. 1970 Supp. 79-3603 (now K. S. A. 1972 Supp. 79-3603), which became effective July 1, 1970, provides in part:

"From and after the effective date of this act, for the privilege of engaging in the business of selling tangible personal property at retail in this state or

rendering or furnishing any of the things or services taxable under this act, there is hereby levied and there shall be collected and paid a tax as follows:

. . . . . . . . . . . . . . .

"(e) a tax at the rate of three percent (3%) upon the gross receipts from the sale of admissions to any place of amusement, entertainment, or recreation including admissions to state, county, district, and local fairs;"

Appellant contends that prior to July 1, 1970, sales tax was not charged on admissions to municipally owned swimming pools; therefore, K. S. A. 1970 Supp. 79-3603, because it imposes a tax, should be strictly construed in favor of the appellant taxpayer. (*Equitable Life Assurance Society v. Hobbs,* 154 Kan. 1, 114 P. 2d 871; *Williams v. Board of County Commissioners,* 192 Kan. 548, 389 P. 2d 795; *Barten v. Turkey Creek Watershed Joint District No. 32,* 200 Kan. 489, 438 P. 2d 732.)

We find no merit in appellant's contention this case involves construction of a tax statute. K. S. A. 1970 Supp. 79-3603 is clear and unambiguous and needs no interpretation. It is only incidentally involved in the question of exemption.

This case turns upon construction of K. S. A. 1970 Supp. 79-3606 (*b*) (now K. S. A. 1972 Supp. 79-3606 [*b*]), which is a tax exemption statute. An exemption statute is construed strictly in favor of imposing the tax and against allowing the exemption for one who does not clearly qualify. (*Warren v. Fink,* 146 Kan. 716, 72 P. 2d 968; *The State Tax Comm. v. Board of Education,* 146 Kan. 722, 73 P. 2d 49; *Palmer v. Commission of Revenue and Taxation,* 156 Kan. 690, 135 P. 2d 899; *First Nat'l Bank v. Lovitt,* 158 Kan. 535, 148 P. 2d 738; *Clements v. Ljungdahl,* 161 Kan. 274, 167 P. 2d 603; *Assembly of God v. Sangster,* 178 Kan. 678, 290 P. 2d 1057.) K. S. A. 1970 Supp. 79-3606 provided:

"The following shall be exempt from the tax imposed by this act:

. . . . . . . . . . . . . . .

"(*b*) All sales of tangible personal property or service, . . . purchased directly by the state of Kansas, a political subdivision . . . and used exclusively for state, political subdivision . . . except when such state, political subdivision, . . . *is engaged* in a business specifically taxable under the provisions of this act and such items of tangible personal property or service *are used* in such business;

. . . . . . . . . . . . . . .

"(*d*) All sales of tangible personal property or services purchased by a contractor for the erection, repair or enlargement of buildings or other projects for any political subdivision of the state, . . . which would be exempt from taxation under the provisions of this act if purchased directly by such political subdivision, . . . When any political subdivision of the state, . . . shall contract for the erection, repair, or enlargement of any building

or other project, it shall obtain from the state and furnish to the contractor an exemption certificate for the project involved. . . ." [Appellant's emphasis.]

Appellant asserts the Director of Revenue misconstrued the legislative intent of K. S. A. 1970 Supp. 79-3606 (b) by applying its provisions to materials to be used to construct the swimming pool, because the board was not "engaged in a business specifically taxable" until after the pool was completed and in operation. The board contends the statute related only to purchases of materials for use in operating taxable businesses; legislative intent to make the statute applicable to purchases of materials to be used prospectively in a taxable business was not manifest until amendments by the 1971 legislature added the words "or proposes to engage" and "or proposed to be used." (K. S. A. 1972 Supp. 79-3606 [b].)

Appellant's construction of K. S. A. 1970 Supp. 79-3606 (b) is incorrect. The 1971 amendments were obviously for purposes of clarification and expressed the 1970 legislature's intent. That section refers to materials purchased for use in operating and constructing taxable businesses. Items purchased for repair and construction are not "used" in a business at the time of purchase and cannot be so used without further conversion. This conversion is accomplished over a period of time after purchase, which necessarily implies application of the statute based upon future use of the building materials. The statute must be construed so it is internally harmonious. (*State v. Sumner*, 169 Kan. 516, 219 P. 2d 438.) Application of K. S. A. 1970 Supp. 79-3606 (b) to both consumables and building materials necessitates consideration of their future use as well as immediate use at time of purchase. This was the intent of the 1970 statute, which was clarified by 1971 amendments.

We conclude the purchases in question were made for a taxable business and that the political subdivision was engaged in that business at the time of purchase even though the materials were for construction of the business facility; *i. e.*, the swimming pool. The Director properly denied the sales tax exemption and the trial court's decision is affirmed.