(948 P.2d 667)
No. 76,870

*In re* Tax Appeal of ALSOP SAND COMPANY, INC.

Opinion filed November 14, 1997.

*John Michael Hale* and *Amy J. Weller*, legal intern, of Kansas Department of Revenue, for appellant.

*Derrick L. Roberson* and *Shon C. Robben*, of Arthur-Green, LLP, of Manhattan, for appellee.

Before LEWIS, P.J., GERNON, J., and CHARLES E. WORDEN, District Judge, assigned.

GERNON, J.: In this appeal, the Kansas Department of Revenue (KDR) contends the Board of Tax Appeals (BOTA) erred when it exempted certain machinery and components of Alsop Sand Company, Inc., (Alsop) from sales and compensating use taxes.

The relevant part of the statute involved, K.S.A. 1996 Supp. 79-3606(kk), exempts from sales and use taxes

"all sales of machinery and equipment used directly and primarily for the purposes of manufacturing, assembling, processing, finishing, storing, warehousing or distributing articles of tangible personal property in this state intended for resale by a manufacturing or processing plant or facility or a storage, warehousing or distribution facility:

. . . .

"(2) For purposes of this subsection 'machinery and equipment used directly and primarily' shall include, but not be limited to:

(A) Mechanical machines or major components thereof contributing to a manufacturing, assembling or finishing process."

The term "major components" is not defined by statute or case law.

BOTA concluded that a major component should be determined by the importance of the component and its purpose in the production or manufacturing process.

The KDR asserts that a major component ought to be considered as such only after the taxpayer designates the component as a capital expenditure.

Alsop operates sand dredging operations. Sand is a natural abrasive. During the audit period in question, June 1, 1989, to May 31, 1992, Alsop spent over $50,000 replacing pump parts, screws, screens, pipe flanges, pipe elbows, clamps, a winch, an impeller, and an electric motor on its dredges. Alsop expensed all of the above expenditures and did not capitalize any.

In September 1992, the KDR issued Alsop a notice of assessment of additional retailer sales and use taxes in the amounts of $49,011 and $3,673, including interest and penalties, for fuel purchases and the various equipment, machinery, and parts mentioned above for the period in question. The total assessments of additional taxes, including interest and penalties, were subsequently reduced to $9,893 and $3,510.

On appeal to the Director of Taxation, an administrative law judge (ALJ) denied Alsop's exemption request and found that the impeller, plates, sleeves, screens, pipe flanges, screws, pipe elbows, motor, and other pump parts did not qualify for the exemption stated in 79-3606(kk) because the items were not capitalized and were not used directly and primarily for manufacturing. The ALJ upheld the KDR's assessments.

On appeal to BOTA, BOTA found that the components at issue were exempt from taxation under K.S.A. 79-3606(mm) (now K.S.A. 1996 Supp. 79-3606[kk]) because the items were used in the production process. BOTA rejected the KDR's contention, noting: "There exists no law or regulation which states that expensed items do not qualify whereas capitalized items will. The distinction may be easy to apply, but it does not appear in law." BOTA further noted that the size and cost of the items in issue were not determinative of whether the items constituted "major components" for purposes of the exemption. BOTA found the appropriate test was to consider the importance of the equipment and its purpose in the production process, stating:

"An exempt item would do its essential function on the processing machinery at some point before the final product is produced. In this case, the components are parts of the machinery used to produce the sand. Without these particular items on the processing machinery the process would grind to a halt. These items are then integral to the process of producing salable sand. The evidence shows that these items transport, convey, or handle the sand before it reaches its final stage."

In *In re Tax Appeal of Taylor Crane & Rigging, Inc.*, 22 Kan. App. 27, 28, 913 P.2d 204, *rev. denied* 258 Kan. 858 (1995), this court reviewed a number of general principles which apply to appeals of this nature:

" 'In Kansas, taxation is the rule and exemption is the exception. *Assembly of God v. Sangster*, 178 Kan. 678, 680, 290 P.2d 1057 (1955). The burden of establishing an exemption from taxation is on the party claiming the exemption. *Director of Taxation v. Kansas Krude Oil Reclaiming Co.*, 236 Kan. 450, 454, 691 P.2d 1303 (1984). One who claims a tax exemption must bring himself clearly within the exemption provisions of the statute. *Warren v. Fink*, 146 Kan. 716, Syl. ¶ 1, 72 P.2d 968 (1937). Statutory exemption provisions are strictly construed against the party requesting exemption. *Farmers Co-op v. Kansas Bd. of Tax Appeals*, 236 Kan. 632, 635, 694 P.2d 462 (1985). All doubts concerning exemption are to be resolved against the exemption and in favor of taxation. *Trustees of The United Methodist Church v. Cogswell*, 205 Kan. 847, 851, 473 P.2d 1 (1970).' " (Quoting *In re Tax Appeal of Derby Refining Co.*, 17 Kan. App. 2d 377, 380-81, 838 P.2d 354 [1992], *rev. denied* 252 Kan. 1092 [1993]).

We note that we are faced with a disagreement between two administrative agencies as to the interpretation of a statute. While we will give consideration to the position of each, "[t]he final construction of a statute rests within the courts." *In re Tax Appeal of Taylor Crane & Rigging, Inc.*, 22 Kan. App. 2d at 31.

The KDR maintains that it has established and published a "rule" which defines the phrase "major component" as those items which are capitalized for federal income tax purposes. However, this statement was contained in an information guide, which also stated: "This information guide was designed for informational purposes only. Under no circumstances should the contents be used or cited as authority for setting or sustaining a technical position."

K.S.A. 1996 Supp. 77-415 defines a rule and a regulation.

K.S.A. 77-425, K.S.A. 1996 Supp. 77-416, K.S.A. 1996 Supp. 77-420, and K.S.A. 1996 Supp. 77-421 define how a rule is promulgated.

Despite this matter being an issue for many years, our reading of the record and the Kansas Administrative Regulations reveals no valid rule or regulation relating to "major component" issues having been proposed and adopted pursuant to the relevant statutes.

Nevertheless, we should not completely disregard the KDR's interpretation of 79-3606(kk). The KDR interpretation establishes a bright line test that is easily applied and understood by taxpayers. By requiring an item to be a capital expenditure to qualify as a major component, the KDR's test implicates a belief that those items with a useful life extending beyond the close of a taxable year are an integral part of the manufacturing process. See 26 U.S.C. § 263 (1994).

Alsop maintains the KDR's test fails to consider the importance of each component or its role in the overall production process and arbitrarily denies exemption to any item of property which is simply expensed by a taxpayer. Alsop argues the test allows the KDR to simply review a taxpayer's federal income tax return to determine whether a particular component was capitalized and, thus, qualifies

for the exemption. Alsop contends the KDR's interpretation is too restrictive.

We conclude that the KDR's position is rationally related to the legislature's objective to reduce the impact state taxation has on the production of goods. The KDR's position and definition provides a bright line for business planning and leaves much of the classification to the taxpayer. It takes the uncertainty out of business decisions and, potentially, will save on appeals, costs, attorney fees, penalties, and interest.

Reversed.