(958 P. 2d 41)
No. 78,427

In the Matter of the Tax Appeal of GEIGER READY MIX COMPANY OF KANSAS, INC., and GEIGER READY MIX CO., INC.

Opinion filed May 8, 1998.

*Benjamin James Neill*, of Neill, Scott, Terrill & Embree, L.L.C., of Lenexa, for appellants.

*Joan E. Adam*, of the Kansas Department of Revenue, of Topeka, for appellee.

Before MARQUARDT, P.J., GERNON, J., and DAVID PRAGER, Chief Justice Retired, assigned.

MARQUARDT, J.: Geiger Ready Mix Company of Kansas, Inc., and Geiger Ready Mix Co., Inc., (Geiger) appeal the Board of Tax Appeals' (BOTA) denial of their request for a refund of sales taxes paid in connection with the purchases of 10 ready-mix concrete trucks.

Geiger purchased 10 ready-mix concrete trucks from a Minnesota manufacturer for use in Kansas. Geiger was required to pay sales tax on the trucks when they were registered with the Johnson and Leavenworth County Treasurers' offices.

Geiger makes and sells concrete. The concrete is made by placing rock, sand, cement, and water into a ready-mix concrete truck, which then mixes the ingredients. The concrete must be continuously rotated in the truck's drum to keep it in liquid form. If the drum stops turning, then the material will dry and start to set within approximately 15 minutes. The mixing process takes place exclusively in the truck's drum.

Geiger filed a claim for a refund with the Kansas Department of Revenue (KDR) for sales taxes it had paid, claiming an exemption pursuant to K.S.A. 79-3606(kk). The KDR denied the claim, and Geiger appealed to BOTA. BOTA denied Geiger's claim, and Geiger filed a petition for reconsideration, which was also denied. Geiger appeals.

Geiger argues that BOTA erred in denying its claim for a refund of the sales tax paid on the ready-mix concrete trucks, claiming that the trucks are exempt pursuant to K.S.A. 79-3606(kk).

Resolution of this issue requires an interpretation of K.S.A. 79-3606(kk). Interpretation of a statute is a question of law, and this court's review is unlimited. See *In re Tax Appeal of Boeing Co.*, 261 Kan. 508, Syl. ¶ 1, 930 P.2d 1366 (1997).

In Kansas, taxation is the rule, and exemption is the exception. *Assembly of God v. Sangster*, 178 Kan. 678, 680, 290 P.2d 1057 (1955). Tax exemptions are strictly construed against the party requesting the exemption, and the burden of establishing an exemption is upon the requesting party. *Director of Taxation v. Kansas Krude Oil Reclaiming Co.*, 236 Kan. 450, 454, 691 P.2d 1303 (1984).

K.S.A. 79-3606 states, in relevant part:

"The following shall be exempt from the tax imposed by this act:

. . . .

"(kk) on and after January 1, 1989, all sales of machinery and equipment used directly and primarily for the purposes of manufacturing, assembling, processing, finishing, storing, warehousing or distributing articles of tangible personal property in this state intended for resale by a manufacturing or processing plant or facility or a storage, warehousing or distribution facility:

(1) For purposes of this subsection, machinery and equipment shall be deemed to be used directly and primarily in the manufacture, assemblage, processing, finishing, storing, warehousing or distributing of tangible personal property where such machinery and equipment is used during a manufacturing, assembling, processing or finishing, storing, warehousing or distributing operation:

(A) To effect a direct and immediate physical change upon the tangible personal property; [or]

. . . .

(D) to transport, convey or handle such property during the manufacturing, processing, storing, warehousing or distribution operation *at the plant or facility* . . . .

. . . .

(3) 'Machinery and equipment used directly and primarily' shall *not* include:

. . . .

(C) transportation equipment *not used* in the manufacturing, assembling, processing, furnishing, storing, warehousing or distributing process *at the plant or facility.*" (Emphasis added.)

Geiger argues that the trucks were used directly and primarily in the manufacturing process and, therefore, fall within the exemption.

" 'In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible.' [Citation omitted.]" *KPERS v. Reimer & Koger Assocs., Inc.*, 262 Kan. 635, 643-44, 941 P.2d 1321 (1997).

Although BOTA concluded that the trucks were being used in the manufacturing of concrete pursuant to K.S.A. 79-3606(kk)(1)(A) because they effected a direct and immediate physical change in the concrete components, it denied the exemption because the manufacturing occurred "somewhere other than at the plant or facility."

In its brief, Geiger argues that the exclusion from the exemption in K.S.A. 79-3606(kk)(3)(C) for " 'transportation equipment *not used* in the manufacturing . . . process *at the plant or facility*' " means that only equipment *not* used in manufacturing is excluded from the exemption. Geiger reasons that because the ready-mix trucks *were used* in the manufacturing process, they qualify for the exemption.

In reconciling the various provisions of the statute, we hold that if the manufacturing process takes place at a location other than the plant or facility, then such machinery and equipment is not exempt from sales tax and that only transportation equipment that is used at the plant or facility during the manufacturing process is exempt from taxation.

If we were to interpret the statute as Geiger urges, it would mean that only transportation equipment not used in manufacturing

would be excluded from the exemption. Geiger's interpretation would render K.S.A. 79-3606(kk)(3)(C) meaningless.

BOTA rejected Geiger's argument that a ready-mix concrete truck was a self-contained plant or facility, stating:

"[T]he words 'plant' and 'facility' are words of common usage. Yet, as those words are used in the statute, mobile trucks do not come to mind. The Board agrees with the Department that the natural and ordinary meaning of these words is the land, building or factory at which manufacturing operations take place. It is this meaning that the Board determines should be employed. Therefore, the Board finds that the subject ready-mix trucks and mixers do not constitute a 'plant' or 'facility' within the meaning of K.S.A. 1995 Supp. 79-3606(kk)(1)(D) or K.S.A. 1995 Supp. 79-3606(kk)(3)(C)."

Geiger did not raise this argument in its brief. "Where the appellant fails to brief an issue, that issue is waived or abandoned." *Pope v. Ransdell*, 251 Kan. 112, 119, 833 P.2d 965 (1992); *Bazine State Bank v. Pawnee Prod. Serv., Inc.*, 245 Kan. 490, 495, 781 P.2d 1077 (1989), *cert. denied* 495 U.S. 932 (1990).

By construing the exemption statute strictly in favor of imposing a tax, BOTA correctly concluded that the ready-mix concrete trucks did not qualify for the tax exemption pursuant to K.S.A. 79-3606(kk).

Affirmed.