No. 28,720.

THE ARKANSAS CITY SAVINGS, BUILDING AND LOAN ASSOCIATION, *Appellant,* v. C. P. MURRAY, County Treasurer of Cowley County, et al., *Appellees.*

(272 Pac. 135.)

Opinion filed December 8, 1928.

*Albert Faulconer, Kirke W. Dale* and *C. L. Swarts,* all of Arkansas City, for the appellant.

*W. A. Smith,* attorney-general, *John M. Kinkel,* attorney for the Public Service Commission, and *H. V. Howard,* county attorney, for the appellees; *C. H. Quier,* of Winfield, of counsel.

The opinion of the court was delivered by

HARVEY, J.: This is an action to recover taxes paid under protest. It was tried to the court, which made findings of fact and conclusions of law and rendered judgment for defendants. The plaintiff has appealed.

The plaintiff is a mutual building and loan association organized under the statute (R. S. 17-1001 *et seq.*), without capital stock. Its shares of stock issued to its members have cash withdrawable value computed in accordance with the by-laws of the association. For the purposes of taxation the withdrawable value of the shares are taxed to the individual shareholders (R. S. 79-327). For the taxation of the association itself the statute reads:

"Every building and loan association doing business in this state without permanent and fixed capital stock shall return for assessment and taxation the actual value in money of its office furniture and fixtures, and also the values of its assets in excess of the cash surrender value of the withdrawable shares outstanding on the first day of March, deducting therefrom the assessed value of any real estate to which said building and loan association holds the title in fee simple in which its surplus assets may be invested, and such real estate shall be assessed as other lands and lots are assessed." (R. S. 79-326.)

While in a sense all of the assets of the association belong to the shareholders, yet such assets are usually, perhaps always, in excess of the cash surrender value of the withdrawable shares held by members as computed by the by-laws of the association. R. S. 79-326 was designed to provide for the taxing of the assets of the association in excess of the cash surrender value of the withdrawable shares, the taxation of which was provided for by R. S. 79-327. These statutes were enacted in 1909. At the November election, 1924, our constitution was amended so as to authorize the legislature to classify mineral products, money, mortgages, notes, and other evidence of debt for the purpose of taxation. In 1925 the legislature (Laws 1925, ch. 273) provided for a registration fee, properly a tax,

on real-estate mortgages to be paid at the time they are filed for record, and provided that thereafter such mortgages, and the notes secured thereby, shall not be otherwise taxable. This statute does not purport to amend R. S. 79-326, and the two statutes should be construed in harmony so far as that can be done. On all the mortgages made by the association after chapter 273, Laws of 1925, went into effect, the registration fees were paid. The findings of fact made by the trial court are as follows:

"1. At all times to which the issues in this action refer the plaintiff was a building and loan association, doing business under the laws of Kansas, with its principal office and place of business in Arkansas City, Cowley county, Kansas, and at all of said times was a mutual building and loan association having no permanent or fixed capital stock.

"2. All of the shares of the plaintiff were at all times withdrawable shares. The cash withdrawal value of the shares was fixed by the by-laws of the association, providing for return of the amount paid in plus certain varying percentages of accumulated profits, according to the age of the shares, and more particularly set out in the by-laws, defendant's exhibit No. 1 of the record.

"3. On March 1, 1927, at the time the assessment complained of was made, the total value of all of the assets of the plaintiff was $1,413,821. These assets are classified in the assessment return made by the plaintiff, the amount and classification of which is not in dispute. They are as follows:

| | |
|---|---:|
| Cash on hand | $42,815 |
| Loans to members on real estate | 1,247,900 |
| Loans on shares | 42,610 |
| Bonds of all kinds | 60,000 |
| Real estate owned in Kansas other than office building | 15,766 |
| Due on real estate sold on contract | 3,206 |
| Sundry personal accounts | 24 |
| Office furniture and fixtures | 1,500 |

"Included in the bonds listed by the plaintiff at $60,000 were United States second and third Liberty loan bonds in the principal sum of $10,000. Included in the amount loaned to members on real estate at $1,247,900 is $449,100 of mortgages on Kansas real estate which the plaintiff had theretofore recorded and on which it had paid the mortgage registration fee as provided by chapter 273, Laws of Kansas 1925, and amendments thereto.

"4. On March 1, 1927, the cash withdrawal value of withdrawable shares of the association was $1,247,948. The mortgages on Kansas real estate on which registration fee had been paid amounted to $449,100. The par value of the United States Liberty loan bonds was $10,000. The assessed value of real estate owned by the association was $9,840. The value of furniture and fixtures of the association was $1,500.

"5. At the time for assessment for 1927 the plaintiff in due time made its return to the taxing authorities of Cowley county, Kansas, on forms provided therefor by the public service commission of the state, on which it listed its assets as set out in paragraph three hereof. Against the total of these items it

set up deductions of: United States bonds, $10,000; Kansas real estate owned, at assessed value, $9,840; Kansas real-estate mortgages on which mortgage registration fee had been paid, $449,100; and cash surrender.value withdrawable shares, $1,247,948.

"6. The plaintiff did not return its furniture and fixtures for assessment, but in its pleading in this case admits liability for its taxes on the valuation of $1,500 furniture and fixtures, as assessed, and before the commencement of the action made payment of that sum, and does not seek recovery for the taxes on that valuation for furniture and fixtures.

"7. . . . The taxing authorities of Cowley county entered on the tax rolls of the county a valuation of $156,033 against the plaintiff and levied a tax for the year of 1927 at the rate of $3.80 per hundred, being the amount of state, county and municipal tax of the city of Arkansas City, all of which amounted to $5,929.34, one-half of which was in apt and due time paid, in December, 1927, duly protested, except $28.50, and that payment forms the basis of this action.

"8. Prior to the commencement of this action and prior to December 20, 1927, the plaintiff tendered to the county treasurer of Cowley county, Kansas, without protest, the sum of $28.50, the same being the December half tax for 1927 on the assessed valuation of furniture and fixtures belonging to the plaintiff, which was rejected, and immediately thereafter and before December 20, 1927, tendered to the county treasurer of Cowley county, Kansas, the sum of $2,964.67, being the December half tax demanded by the county on $156,033 at the rate of $3.80 per hundred, together with the written protest of the plaintiff against the legality of such tax, except as to $28.50 on furniture and fixtures; and thereafter the plaintiff commenced this lawsuit to recover the amount of the tax so paid, except the sum of $28.50, which it concedes to be a legal tax on the furniture and fixtures.

"9. The association reports as the true value of all its assets, $1,413,821.

| | |
|---|---:|
| It claims it should pay no tax upon United States Liberty bonds.... | $10,000 |
| Real-estate mortgages on which registration fee has been paid...... | 449,100 |
| Real estate assessed value......................................... | 9,840 |
| Cash surrender value of withdrawable shares...................... | 1,247,940 |
| Total ............................................................ | $1,716,880 |

"It claims it should be relieved from tax on alleged exemptions of $303,067 more than its total assets.

"10. It is clear under the evidence that some part, just how much is not shown, of the $10,000 United States bonds, and of the $449,100 in real-estate mortgages upon which the registration fee has been paid, and real estate of the assessed value of $9,840 is included in and is a part of the assets of the association that make the withdrawable shares of the value of $1,247,940. And when this sum is deducted some part, possibly all, of the value of the United States bonds, real-estate mortgages and real estate is a part of this $1,247,940 deduction, and to deduct these items again as claimed by the plaintiff would clearly be a double deduction, and as shown amount to allowing a claimed exemption to the association of more than $300,000 above its total assets.

"11. Plaintiff has not shown what part, if any, of its United States bonds, its mortgages upon real estate, or its real estate, has been taxed by the taxing officers."

Plaintiff excepted to the findings of fact under 9, 10 and 11 and asked other specific findings in lieu of them. The requested findings, in so far as they differ from findings made, simply present plaintiff's theory of the case, as distinct from that found by the court. The use of the word "exemption" in findings 9 and 10 is criticized. Plaintiff was not claiming exemptions, but the word is used in the sense of deduction and is not seriously misleading.

Plaintiff contends that its government bonds, to the value of $10,000, are not taxable under state law. This may be conceded. (*Salthouse v. McPherson County*, 115 Kan. 668, 224 Pac. 70; *Life Insurance Co. v. Anderson et al.*, 117 Kan. 451, 232 Pac. 592.) It further contends that the registration fees having been paid on mortgages to the amount of $449,100, held by the association as a part of its assets, such mortgages cannot be further taxed. And this may be conceded, for the statute (Laws 1925, ch. 273) specifically so provides. But these conclusions do not determine the question before the court in this case. The question here is, Which party, considering the shareholders collectively as one and the association itself as the other, is entitled to have these matters considered in determining the amount of the taxes it should pay?

The total assets of the association, meaning by that all property under its management and control as an association—in this case of the value of $1,413,821—is for the purposes of taxation (R. S. 79-326, 79-327) divided into two funds, namely (1) the cash surrender value of all withdrawable shares of stock—in this case of the value of $1,247,984—which is taxed to the individual shareholders, as provided by R. S. 79-327; and (2) the difference between such cash surrender value withdrawable shares and the total assets, which difference in this case is $165,873, and is spoken of as a surplus, which is taxed to the association as provided by R. S. 79-326. Under this statute there is first taxed to the association the value of its office furniture and fixtures, which in this case is $1,500. Evidently the legislature assumed that this class of property would have been purchased out of that part of the assets of the association which we speak of as its surplus. There is further deducted the assessed value of real estate owned by the association "in which its surplus assets may be invested." In this case $9,840 was claimed by the association

and allowed for this item. We note there appears to have been no showing that the surplus assets of the association were invested in this real property, but since that question was not raised in the court below we pass it. However, the statute obviously contemplates that such showing be made before the deduction is allowed, for if that part of the assets of the association which constitutes the cash value of its withdrawable shares were invested in real property, the proper party to have a deduction allowed by reason thereof is the shareholders, as distinct from the association.

Making this deduction of $9,840 from the surplus assets of the association, $165,873, leaves $156,033, which is the amount for which the association was taxed. This is correct as computed under R. S. 79-326. Plaintiff concedes that it should pay taxes on the value of its office furniture and fixtures, $1,500, but contends that the amount taxed to it in excess of this sum, namely, $154,533, is erroneously taxed to it, for the reason that it has among its gross assets government bonds not taxable and mortgages on which the registration fee has been paid, by reason of which they are not further taxable. Plaintiff's contention on this matter would be sound if it had shown that its surplus funds were invested in such government bonds and in such mortgages. No showing of that kind was made. The trial court found there was no such showing, and plaintiff, in its brief and argument in this court, concedes that no such showing was made. Plaintiff contends that it is not possible for it to make such a showing, that its assets are not, in fact, segregated into the two funds above mentioned, that "its dollars are not earmarked," that its books are not kept so as to show, nor from them can it be determined, which of its assets go to make up the cash value of withdrawable shares and which go to make up its surplus. Here is plaintiff's real difficulty in this case. It is clear that it must make such a showing before it is entitled to the relief sought. The statute (R. S. 79-326) evidently contemplates that such assets can be kept separately, at least in a manner that is approximately accurate, and that they must be kept separately to the extent, at least, that a showing must be made as to whether or not it is the surplus funds of the association that are invested in real estate before the association itself is entitled to a deduction of the assessed value thereof. One who contends that its property is not subject to taxation, for whatever reason the contention may be made—whether the claim

is the property is exempt from taxation, or whether the claim is that it has been otherwise or elsewhere taxed—has the burden of establishing such contention. In this case plaintiff has not established that any of its surplus funds, taxable to it under the provisions of R. S. 79-326, are invested in government bonds not taxable, or in real-estate mortgages on which the registration fees have been paid. Having failed to make such showing, it is not entitled to the relief sought, and the judgment of the court below must be affirmed.

It is so ordered.

HUTCHISON, J., not sitting.

BURCH and MARSHALL, JJ., dissenting.