No. 33,297

HOME OWNERS' LOAN CORPORATION, *Appellant*, v. HAZEL ANDERSON et al., *Appellees*.

(64 P. 2d 14)

Opinion filed January 23, 1937.

*George W. Stanley,* of Arkansas City, and *H. C. Castor,* of Wichita, for the appellant; *George S. Allen,* of Topeka, of counsel.

No appearance was made for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action on a promissory note and to foreclose a mortgage securing this note. The judgment was for the defendant sustaining a demurrer to the amended petition of plaintiff. Plaintiff appeals.

The plaintiff is the Home Owners' Loan Corporation. Defendant borrowed money from that corporation and gave a mortgage on the real property in question. The petition set out all the essential facts and alleged the nonpayment and that the note was due. The petition pleaded that the plaintiff was an instrumentality of the United States and as such was not subject to the payment of the fee to the state of Kansas, known as the mortgage registration fee, provided in R. S. 1933 Supp. 79-3101 and 79-3102. The basis of the demurrer filed by the defendant and sustained by the lower court is the above allegation of the petition.

R. S. 1933 Supp. 79-3107 provides as follows:

"Any mortgage of real property executed on or after March 1, 1925, on which the registration fee as herein provided has not been paid, shall not be filed for record by any register of deeds, and such mortgage shall not be received in evidence in any suit, action or proceeding, and no judgment, decree or order for the enforcement thereof shall be rendered, made or entered in or by any court in this state."

The theory of the defendant was that since the Home Owners' Loan Corporation had not paid the mortgage registration fee the mortgage could not be filed for record nor received in evidence, hence could not be foreclosed.

There can be but little doubt that the mortgage registration fee, as provided in the above sections, is a tax, and not a fee charged for the administrative work necessary in recording the mortgage for the protection of land titles. This court has so characterized it in *Arkansas City Savings, B. & L. Ass'n v. Murray*, 127 Kan. 208, 272 Pac. 135; also in *Wheeler v. Weightman*, 96 Kan. 50, 149 Pac. 977.

The question then is whether the state can tax the mortgages held by the Home Owners' Loan Corporation. The Home Owners' Loan Corporation was created under the act of congress, part of which is as follows:

"The Board is hereby authorized and directed to create a corporation to be known as the Home Owners' Loan Corporation, which shall be an instrumentality of the United States, which shall have authority to sue and to be

sued in any court of competent jurisdiction, federal or state, and which shall be under the direction of the Board and operated by it under such bylaws, rules and regulations as it may prescribe for the accomplishment of the purposes and intent of this section. The members of the Board shall constitute the board of directors of the corporation and shall serve as such directors without additional compensation." (12 U. S. C. A. 1463 [a].)

The title of the act is as follows:

"AN ACT to provide emergency relief with respect to home mortgage indebtedness, to refinance home mortgages, to extend relief to the owners of homes occupied by them and who are unable to amortize their debt elsewhere, to amend the Federal Home Loan Bank Act, to increase the market for obligations of the United States and for other purposes." (Home Owners' Loan Act of 1933 [June 13, 1933, Ch. 64, Sec. 1, 48 Stat. 128].)

There can be little doubt that as operated at the present time the Home Owners' Loan Corporation is an instrumentality of the federal government comparable to the United States Bank dealt with in *McCulloch v. State of Maryland*, 4 Wheat. 316. The United States supreme court has held that such instrumentalities were not required to pay tax on mortgages offered for registration.

In *Federal Land Bank v. Crosland*, 261 U. S. 374, 43 S. Ct. 385, that court held with reference to similar bonds offered by the Federal Land Bank of New Orleans, as follows:

"Of course the state is not bound to furnish its registry for nothing. It may charge a reasonable fee to meet the expenses of the institution. But in this case the legislature has honestly distinguished between the fee and the additional requirement that it frankly recognizes as a tax. If it attempted to disguise the tax by confounding the two, the courts would be called upon to consider how far the charge exceeded the requirement of support, as when an excessive charge is made for inspecting articles in interstate commerce. (*Foote v. Maryland*, 232 U. S. 494.) But it has made no such attempt. It has levied a general tax on mortgages, using the condition attached to registration as a practical mode of collecting it. In doing so, by the construction given to the statute by the supreme court, it has included mortgages that it is not at liberty to reach."

To the same effect is *Smith v. Kansas City Title Co.*, 255 U. S. 180, 41 S. Ct. 243.

We therefore hold that the mortgages given the Home Owners' Loan Corporation are not subject to the registration fee as required by R. S. 1933 Supp. 79-3107. The mortgage in this case could therefore be received in evidence.

The judgment of the trial court is reversed with directions to proceed to try the cause.