No. 43,579

First National Bank in Dallas, Dallas, Texas, a Corporation, *Appellant,* v. Mary B. Lowman, as County Treasurer of Riley County Kansas; Iva Luehring, as Register of Deeds of Riley County, Kansas; and the Board of County Commissioners of the County of Riley, State of Kansas, *Appellee.*

(395 P. 2d 313)

Opinion filed July 14, 1964.

*Ervin G. Johnston,* of Kansas City, argued the cause, and *Charles Arthur,* of Manhattan, and *Jack A. Quinlan,* of Topeka, were with him on the brief for the appellant.

*Donn J. Everett,* County Attorney, argued the cause, and *William Ferguson,* Attorney General, was with him on the brief for the appellees.

The opinion of the court was delivered by

Price, J.: This is an action to recover mortgage registration fees which were paid under protest.

The trial court found and held that the fees were properly imposed and rendered judgment for defendant county officials. Plaintiff bank has appealed.

The several aspects of the question involved will appear as the facts and contentions are discussed.

The mortgages in question arose out of transactions involving the construction of military housing units on the Fort Riley Military Reservation. Plans and specifications for the project were prepared by the federal government and bids were invited. Four private individuals, acting as "joint venturers," submitted a bid which was accepted. As a part of the entire plan or scheme the letter of acceptance required the joint venturers to organize a Delaware corporation for each of the seven projects involved. This was done and each of the Delaware corporations had a paid-in capital of $1,000, and each became the lessee of a 55-year leasehold estate covering land situated on the Fort Riley Military Reservation.

In order to raise the money to finance the construction of the housing each of the Delaware corporations executed a note and mortgage to the First National Bank in Dallas, Dallas, Texas (plaintiff-appellant). The aggregate of the notes and mortgages was $13,616,400. The mortgages covered the 55-year leasehold estate created by the 55-year lease to the Delaware corporations. At the time of closing the deal the joint venturers deposited with the bank certificates endorsed in blank representing all of the capital stock of the seven Delaware corporations, together with the resignations of all officers and directors of such corporations.

Plaintiff bank, as mortgagee in each of the seven mortgages, tendered them for filing and recording with the register of deeds of Riley county. That official refused to file and record the mortgages until the mortgage registration fee was paid. The bank paid the fee in the amount of $34,041, and at the time of paying the same filed a written protest. Upon payment of the fees the mortgages were filed and recorded in the office of the register of deeds. Within thirty days thereafter the bank brought this action to recover the fees so paid.

Trial was had upon stipulations of fact and, as previously stated, the trial court ruled that the mortgage registration fees were properly imposed, and its conclusions of law were:

"1. These are actions to recover mortgage registration fees paid under protest and plaintiff bases its right to recover under the provisions of Section 79-2005, G. S. 1949.

"2. Plaintiff followed the requirements of Section 79-2005, G. S. 1949, with respect to recovery of these mortgage registration fees paid under protest.

"3. This court has jurisdiction of the subject matter of these actions and of the parties thereto.

"4. The mortgages in question arose out of transactions involving the construction of military housing on the Fort Riley Military Reservation pursuant to the authority of the Title IV of the Housing Amendments of 1955, as amended, entitled 'Armed Services Housing Mortgage Insurance.'

"5. The subject matter of each mortgage involved is a fifty-five (55) year leasehold estate covering land located in Riley County and Geary County, Kansas, and on the Fort Riley Military Reservation.

"6. The Kansas mortgage registration fee is a tax imposed upon a debt secured by a mortgage covering land, or an interest therein, located within the State of Kansas.

"7. The mortgages in question are mortgages of interests in real estate located within the State of Kansas and the Kansas mortgage registration fee statute is applicable.

"8. The plaintiff and the Delaware corporations are private corporations and are not instrumentalities of the United States Government.

"9. Under the circumstances here obtaining, the collection of the Kansas mortgage registration fee is not forbidden by, nor in violation of, the Constitution of the United States.

"10. The mortgage registration fees herein involved are the obligations of the plaintiff mortgagee and not the mortgagors, and the plaintiff was properly required to pay the mortgage registration fees before said mortgages were recorded by the Register of Deeds of Riley County, Kansas, all pursuant to the provisions of Section 79-3101, et seq., G. S. of Kansas, 1949."

No question has been raised by the parties as to the application of the "payment of taxes under protest" statute (G. S. 1949, 79-2005) to the situation here—where it is sought to recover mortgage registration fees paid "under protest." It is clear, however, that all parties and the trial court proceeded on the theory the mentioned statute was applicable, and it is conceded that its requirements were followed. We therefore pass the question—and proceed to the merits of the case.

Our statute pertaining to the recording of written instruments affecting real estate provides:

(G. S. 1961 Supp., 67-221.) "Every instrument in writing that conveys real estate, . . . or whereby any real estate may be affected, . . . may be recorded in the office of register of deeds of the county in which such real estate is situated: . . ."

Material provisions of our mortgage registration fee statutes read:

(G. S. 1949, 79-3101.) "The words 'real property' and 'real estate' as used in this act, in addition to the definition thereof contained in the Revised Statutes of 1923, shall include all property a conveyance or mortgage of which is entitled to record as real property or interest therein under the laws of this state. The words 'mortgage of real property' shall include every instrument by which a lien is created or imposed upon real property, notwithstanding that the debt secured thereby may also be secured by a lien upon personal property."

(G. S. 1949, 79-3102.) "Before any mortgage of real property, or renewal or extension of the same shall be received and filed for record on and after the first day of March, 1925, there shall be paid to the register of deeds of the county in which such property or any part thereof is situated, a registration fee for each one hundred dollars and major fraction thereof, of the principal debt or obligation which is secured by such mortgage, the sum of 25 cents; . . . *Provided further,* That after the payment of the registration fees as aforesaid the mortgage and the note thereby secured shall not otherwise be taxable."

G. S. 1949, 79-3105 and 3107, provide that when a mortgage covers property situated in two or more counties the registration fee provided for shall be paid to the register of deeds and county treasurer of the county where it is first presented for record and

the county treasurer so receiving such fee shall apportion the same among the counties in which the real property is situated in proportion to its assessed valuation and pay over such proportionate amounts to the respective county treasurers, and that any mortgage of real property on which the registration fee has not been paid shall not be filed for record by any register of deeds.

Plaintiff bank contends the statutes imposing the mortgage registration fee do not apply in the case of the mortgages in question because the property does not have a "situs" in Riley county and therefore the register of deeds of that county cannot lawfully require payment of the fee before accepting the mortgages for filing and recording.

We consider it unnecessary to enter into an academic discussion as to the "location" of the Fort Riley Military Reservation. The trial court found—and correctly so—that the land in question is located in Riley and Geary counties "on the Fort Riley Military Reservation." (The matter of apportionment of the fee between the two counties is not involved here.) In fact, plaintiff's petition describes the leasehold estate as "being situated in Riley County, Kansas," and the note and mortgage set out in the abstract described the land as being in Riley county. Further, if plaintiff did not consider that the land was in Riley county—then why did it tender the mortgages for filing and record to the register of deeds of that county? We find no merit in the argument that the Fort Riley Military Reservation is merely "bordered" by Riley county, or is merely "surrounded" by the state of Kansas.

Some contention also is made that the mortgage registration fee statutes do not apply to a mortgage of a leasehold interest. We disagree. A leasehold estate is an interest in land. (*Hogan v. Manners*, 23 Kan. 551, 558, 33 Am. Rep. 199.) G. S. 1949, 79-3101, above, defines "real property" and "real estate" as including all property a conveyance or mortgage of which is entitled to record as real property or an interest therein, and defines the term "mortgage of real property" as including every instrument by which a lien is created or imposed upon real property. (*Assembly of God v. Sangster*, 178 Kan. 678, syl. 1, 290 P. 2d 1057.) G. S. 1949, 77-201, *Eighth*, provides that the word "land," and the phrases "real estate" and "real property," include lands, tenements, hereditaments, and all rights thereto and interest therein, equitable as well as legal.

Finally, it is argued by plaintiff that the Delaware corporations were nothing more than artificial entities and were in fact agencies

of the federal government, and were created merely as a necessary procedural step in the federal plan and scheme in accomplishing the construction of the housing in question, and it is contended that to require payment of the mortgage registration fee, which has been held to be a tax (*Missouri Pacific Railroad Co. v. Deering*, 184 Kan. 283, 336 P. 2d 482, cert. denied, 361 U. S. 12, 4 L. Ed. 2d 51, 80 S. Ct. 84, rehearing denied, 361 U. S. 904, 4 L. Ed. 2d 159, 80 S. Ct. 206), amounts to an imposition by the state of a tax upon a federal instrumentality and is therefore illegal.

Assuming, but not deciding, that in a strictly technical sense the legal status of the "Delaware corporations" was as contended by plaintiff, we disagree with the ultimate conclusion sought by plaintiff to be drawn therefrom.

The plaintiff here is the First National Bank in Dallas, Dallas, Texas. It, and not the Delaware corporations or anyone else, loaned the money for the construction of the housing in question. The loan was evidenced by notes calling for payment of interest at $4\frac{1}{2}\%$ per annum on the unpaid balance of the loan until fully paid. The notes were secured by mortgages. Plaintiff bank was and is the mortgagee. It was not compelled to tender the mortgages to the register of deeds of Riley county for filing and record. It did so voluntarily. Plaintiff bank is in no sense of the word a "federal instrumentality." The case of *Home Owners' Loan Corp. v. Anderson*, 145 Kan. 209, 64 P. 2d 14, is readily distinguishable. The register of deeds was correct in refusing to accept the mortgages for filing and record until the statutory fee was paid. Plaintiff, as mortgagee, was properly required to pay the fee and is not entitled to recover the amount so paid.

The judgment is affirmed.