(751 P.2d 679)

No. 60,179

THE FEDERAL LAND BANK OF WICHITA, *Appellee,* v. BETTY L. THOMPSON, *Appellant.*

Petition for review denied May 5, 1988.

Opinion filed March 17, 1988.

*Robert C. Johnson,* of Herington, for the appellant.

*Max M. Hinkle,* of Lehman, Guilfoyle & Hinkle, of Abilene, for the appellee.

Before ABBOTT, C.J., ELLIOTT and LARSON, JJ.

ELLIOTT, J.: The sole issue in this foreclosure action is whether the Federal Land Bank of Wichita is exempt from paying the mortgage registration fee as provided for in K.S.A. 1987 Supp. 79-3102(a). We hold it is. As a result, the trial court did not err in admitting the mortgage into evidence, despite the language of K.S.A. 79-3107, which provides that any mortgage on which the registration fee has not been paid is not to be admitted into evidence and no judgment for its enforcement is to be rendered.

12 U.S.C. § 2055 (1982) clearly states that the mortgages held by federal land banks shall be exempt from all taxation, except for certain federal tax liabilities not relevant to this case.

The Kansas Supreme Court has consistently held that the mortgage registration fee called for in K.S.A. 1987 Supp. 79-3102(a) is a tax and not a user fee or a fee for administrative work. *Berger v. Bierschbach,* 201 Kan. 740, 745, 443 P.2d 186 (1968).

Appellant's reliance on *Federal Land Bank of Wichita v. Read,* 237 Kan. 751, 703 P.2d 777 (1985), is simply misplaced. Holding that a federal land bank is a private corporation for due process consideration does not remove mortgages held by a

federal land bank from the express exemption of 12 U.S.C. § 2055.

Consequently, validly executed federal land bank mortgages may be filed without payment of the mortgage registration fee, and such mortgages are enforceable in Kansas courts. See Att'y Gen. Op. No. 86-78.

The judgment is affirmed.