438

(828 P.2d 369)

No. 66,02█

KANSAS UNIVERSITY POLICE OFFICERS ASSOCIATION, *Plaintiff/Appellant*, v. THE PUBLIC EMPLOYEE RELATIONS BOARD OF KANSAS, *Defendant/Appellee,* and THE UNIVERSITY OF KANSAS, *Intervenor/Appellee.*

Opinion filed September 20, 1991.

*Steve A.J. Bukaty* and *G. Gordon Atcheson,* of Blake & Uhlig, P.A., of Kansas City, for the plaintiff/appellant.

*Don Doesken,* of Kansas Department of Human Resources, for the defendant/appellee.

*Mary D. Prewitt,* assistant general counsel, of the University of Kansas, for the intervenor/appellee.

Before BRISCOE, C.J., LARSON, J., and DONALD L. WHITE, District Judge Retired, assigned.

WHITE, J.: The Kansas University Police Officers Association (POA) appeals the district court's order upholding the Public Employee Relations Board's (PERB) ruling that Sergeants and Security Officers II of the POA are supervisory employees.

PERB's ruling disqualifies Sergeants and Security Officers II from participating with the employees' organization in meeting and conferring with the employer about any grievances or conditions of employment. The POA contends PERB misconstrued K.S.A. 75-4322(b), which provides:

" 'Supervisory employee' means any individual *who normally performs different work from his subordinates*, having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend a preponderance of such actions, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment. A memorandum of agreement may provide for a definition of 'supervisory employees' as an alternative to the definition herein." (Emphasis added.)

The entire argument centers on whether the phrase "who normally performs different work from his subordinates" excludes Sergeants and Security Officers II of POA from being supervisory employees.

We recognize that it is the intent of the legislature that governs. In determining legislative intent, courts are not limited to consideration of the language used in the statute but may look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. *Cyr v. Cyr*, 249 Kan. 94, 98, 815 P.2d 97 (1991).

The POA agrees that 75-4322(b) was "lifted" from the National Labor Relations Act (NLRA), 29 U.S.C. § 152(11) (1988), and admits that employees such as Sergeants and Security Officers II have been universally interpreted under the NLRA to be supervisory employees. However, the POA points out that the NLRA does not contain the phrase, "who normally performs different work from his subordinates." Thus, the POA argues the

legislature intended to alter the definition by including that phrase in 75-4322(b). It further argues that the phrase must have some effect on the definition of supervisory employees and recites our holding in *American Fidelity Ins. Co. v. Employers Mut. Cas. Co.*, 3 Kan. App. 2d 245, Syl. ¶ 4, 593 P.2d 14 (1979), wherein it was stated: "A construction which renders part of a legislative act surplusage is to be avoided if reasonably possible."

There is no indication as to when in the legislative process the phrase was engrafted with the NLRA's definition of supervisory employees. It is not clear whether the phrase was included to restrict, expand, or merely clarify the scope of who is a supervisory employee.

Usually, interpretation of a statute by an administrative agency charged with the responsibility of enforcing that statute is entitled to great judicial deference. *State Dept. of SRS v. Public Employee Relations Board*, 249 Kan. 163, 166, 815 P.2d 66 (1991). The agency's interpretation of a challenged statute may, in fact, be entitled to controlling significance in judicial proceedings. Further, if there is a rational basis for the agency's interpretation, it should be upheld on judicial review. *State ex rel. Stephan v. Kansas Racing Comm'n*, 246 Kan. 708, 719-20, 792 P.2d 971 (1990); *Kansas Ass'n of Public Employees v. Public Employees Relations Bd.*, 13 Kan. App. 2d 657, 659, 778 P.2d 377 (1989).

The district court's rationale for upholding PERB's ruling that Sergeants and Security Officers II are supervisory employees under 75-4322(b) is:

"The PERB found Sergeants to be supervisory employees based on the following evidence: Sergeants have authority to issue written reprimands and recommend discipline, assign officers to various duties, and to perform evaluations. . . . The PERB found Security Officers II to be supervisory employees based on the following evidence: Security Officers II have 'the authority to relieve security officers from duty, to issue written reprimands, to assign security officers to various routes, to recommend discipline, and to perform evaluations.' . . .

"As the Hearing Examiner stated 'the nature of one's duties and not his or her title is determinative of that person's status as a supervisor.' . . . The joint exhibits introduced at the PERB hearing reveal a Kansas University Police Sergeant is expected to 'organize, direct, assign, and review the work of University Police Officers on one of three patrol shifts. . . . Coordinate with oncoming supervisor on activities occurring . . .' for approximately 35% of his time. . . . Security Officer II is expected to spend 30% of his

time doing similar tasks such as reviewing and assigning the work of Security Officers I. . . . On review this Court finds the administrative record supports the PERB's Order which found Sergeants and Security Officers II to be 'supervisory employees' under a reasonable interpretation of K.S.A. 75-4322(b) which defines that term."

We find, as did the district court, that PERB's interpretation of 75-4322(b) comports with the legislative intent, is reasonable, and should be given controlling effect.

Next, the POA complains that PERB had reached the opposite view in Kansas City, Coffeyville, and Topeka where it found Sergeants not to be supervisory employees. The POA acknowledges that the doctrine of stare decisis does not apply to administrative agencies, but argues that PERB's failure to offer any rationale for departing from previous unit determinations shows that its decision is arbitrary and capricious.

We note that the definition of a supervisory employee used in the Coffeyville and Topeka bargaining units was mutually agreed upon by the parties, as is expressly authorized by 75-4322(b). This leaves only Kansas City as an example of a unit determination in which PERB decided that Sergeants were not supervisory employees.

Our Supreme Court recently discussed the questions of whether administrative agencies are bound by their prior decisions and whether they need to articulate reasons for departing from those decisions. In *In re Appeal of K-Mart Corp.*, 238 Kan. 393, 710 P.2d 1304 (1985), the Department of Revenue appealed a determination by the Board of Tax Appeals that advertising supplements distributed by K-Mart in newspapers were not subject to Kansas compensating tax. The Department of Revenue complained the Board of Tax Appeals had reached the opposite result when the same question concerning the same parties was raised earlier. The Supreme Court stated:

"Appellant asserts that the action of the BOTA was arbitrary because it failed to follow the earlier ruling in *K-Mart I* and did not articulate its reasons for not following the earlier ruling. The rule in Kansas, which is acknowledged by the appellant in its brief, is that the doctrine of stare decisis is inapplicable to decisions of administrative tribunals. [Citations omitted.] There is no rule in Kansas that an administrative agency must explain its actions in refusing to follow a ruling of a predecessor board in

a different case or that it must articulate in detail why the earlier ruling is not being followed." 238 Kan. at 396.

We find that PERB was under no duty to articulate any distinction in its unit determinations. The structure of a police department in Kansas City may be different than the structure of a police department at the University of Kansas. A Sergeant is often the highest ranking officer on duty for the University of Kansas.

Affirmed.