(913 P.2d 224)
No. 73,890

In the Matter of the Application of JUDITH K. ZIVANOVIC for Relief from Mortgage Registration Fees Paid in Riley County, Kansas.

Opinion filed March 22, 1996.

*Dan H. Myers*, of Myers, Pottroff & Ball, of Manhattan, for the appellant.

No appearance for the appellee.

Before LEWIS, P.J., PIERRON, J., and JOHN W. WHITE, District Judge, assigned.

PIERRON, J.: The Riley County Board of Commissioners appeals the decision of the district court sustaining an administrative order

of the Kansas State Board of Tax Appeals (BOTA) requiring them to refund certain mortgage registration taxes assessed against a mortgage upon property owned by Judith K. Zivanovic. We affirm.

On February 23, 1990, a mortgage (mortgage A) in the amount of $62,400 was recorded with the register of deeds. The mortgagors were Milan and Judith K. Zivanovic, and the mortgagee was the First Savings Bank (FSB). That same day, a mortgage registration fee of $156 was paid on mortgage A.

Also on that date, FSB assigned the mortgage to the Regional Investment Company (Regional). On March 6, 1990, the assignment of mortgage A to Regional was recorded with the register of deeds. On April 24, 1991, Regional assigned mortgage A to Mellon Financial Services Corporation #9 (Mellon). This assignment was recorded with the register of deeds on June 21, 1992.

On August 13, 1993, the Zivanovics acquired a second mortgage (mortgage B) in the amount of $65,250. The mortgagee was FSB and mortgage B was recorded with the register of deeds. On August 18, 1993, a $169.78 mortgage registration fee was paid on mortgage B. On this date, mortgage A was still held by Mellon. On November 29, 1993, mortgage A was released by Mellon.

The Zivanovics protested the payment of the registration fee on mortgage B for the refinancing of their house. BOTA ruled that K.S.A. 1993 Supp. 79-3102(d) did not require payment of a registration fee on the refinancing of mortgage A. Riley County's petition for reconsideration was denied, and it subsequently filed a petition for review with the district court, which sustained BOTA's decision.

Riley County argues that BOTA and the district court have erroneously applied K.S.A. 1993 Supp. 79-3102(d). On review, this court may find the agency action is invalid if the agency erroneously interpreted or applied the law. *537721 Ontario, Inc. v. Mays*, 14 Kan. App. 2d 1, 2, 780 P.2d 1126, *rev. denied* 245 Kan. 785 (1989). "Interpretation of a statute is a question of law. An appellate court's review of a question of law is unlimited." *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995).

The Kansas Supreme Court has held that the mortgage registration fee is a tax. See *Missouri Pacific Railroad Co. v. Deering*, 184 Kan. 283, 286, 336 P.2d 482 (1959). Because the mortgage registration fee is a tax, an exemption from the fee must be strictly construed against the party who claims the exemption, and such party must bring itself clearly within the exemption provisions. *Meadowlark Hill, Inc. v. Kearns*, 211 Kan. 35, Syl. ¶ 2, 505 P.2d 1127 (1973).

Had the original lender held the mortgage and then refinanced, a registration fee would be owed only on any amount over that which was originally secured. *See Fourth National Bank v. Hill*, 181 Kan. 683, 695, 314 P.2d 312 (1957) (where a note is given merely in renewal of another and not in payment thereof, the renewal does not extinguish the original debt). Also, had the assignee holding mortgage A done the refinancing, there would be no fee owed except on the amount over what was originally secured. Att'y Gen. Op. Nos. 93-82 and 92-211. Riley County argues the situation is different when refinancing is done with the original bank, but the original mortgage is held by an assignee. Riley County contends the exemption from the mortgage registration fee follows the mortgage and does not create an exemption for any prior holder of a mortgage.

K.S.A. 1993 Supp. 79-3102(d) states, in pertinent part:

"No registration fee whatsoever shall be paid, collected or required for or on . . . (3) any mortgage or other instrument upon that portion of the consideration stated in the mortgage tendered for filing which is verified by affidavit to be principal indebtedness covered or included in a previously recorded mortgage or other instrument *with the same lender or their assigns* upon which the registration fee herein provided for has been paid." (Emphasis added.)

Riley County argues that this language, specifically the use of the word "or" as opposed to "and," dispels any notion that the exemption can be claimed by the prior holder of a mortgage. However, it appears the word "or" is used simply because the prior recorded mortgage cannot be held by both the original lender and its assigns, but only one or the other. Furthermore, because "same lender or their assigns" modifies "a previous recorded mortgage" and "any" modifies the second mortgage, the exemption appears to be avail-

able regardless of which institution currently holds the prior mortgage as long as the refinancing occurred within the chain of assignment.

Riley County points to two attorney general opinions, Nos. 93-82 and 93-156, which state that unless the assigned mortgage was reassigned to the original lender, the extension of new funds by the original lender constituted a new loan and not the "same indebtedness." Riley County argues that at the time of the second mortgage, the Zivanovics owed nothing to FSB. BOTA concluded that because the Zivanovics remained indebted under mortgage A, the proceeds of their second loan from FSB are the same indebtedness. Riley County argues this conclusion fails to recognize that "indebtedness" is the duty to pay money to another. In the instant case, the Zivanovics' duty of payment of mortgage A was to Mellon, while the refinancing occurred with FSB. Riley County argues that under BOTA's interpretation, the word "same" in K.S.A. 1993 Supp. 79-3102(d)(3) becomes meaningless. Under BOTA's interpretation, however, the refinancing would have to occur within the chain of the original lender and their assigns. Most important, the exemption of K.S.A. 1993 Supp. 79-3102(d) applies to "any mortgage" covering principal indebtedness covered in a previous recorded mortgage with the same lender or their assigns. This language appears to rule out the interpretation favored by Riley County and the attorney general.

Riley County argues that, if upheld, BOTA's order would redefine basic property law to allow the exemption to become a perpetual, vested right of any lender that has, at one time, held a mortgage on a parcel of real property regardless of whether there exists an "assignment." Similarly, Riley County argues that the rationale of the BOTA decision would exempt all "refinancings" regardless of lender or the existence of an assignment because the "indebtedness" was being substituted for another. The holding of BOTA and the district court seems limited, however, to the refinancing of a mortgage within the chain of assignment of the original mortgage.

In ruling that the exemption covered the Zivanovics' situation, BOTA and the district court reasoned that Riley County's inter-

pretation would create a "disparate treatment" of like taxpayers. Riley County responds that mortgage registration fees are paid by the mortgagee (lender) and not the mortgagor (borrower). See *Misco Industries, Inc. v. Board of Sedgwick County Comm'rs*, 235 Kan. 958, 961, 685 P.2d 866 (1984). Riley County argues that the taxpayers are not treated disparately when the responsibility to pay rests with the mortgagee. The district court noted, however, that the property owner is almost always responsible for the fee through the mortgage contract. Despite the fact that the tax is technically placed upon the mortgagee, the resulting reality does appear inequitable to homeowners who would randomly be assessed the fee depending on whether or not their bank has assigned their mortgage.

The purpose of the registration fee is to insure that the cost of recording mortgages is not paid by the public but by those who seek the protection that the public notice affords. *Misco Industries*, 235 Kan. at 961. The public notice affords protection to the holder of the mortgage because it prevents bona fide purchasers from buying the property without notice. Once a mortgage is recorded, all purchasers are put on actual or constructive notice of the mortgage regardless of who holds the mortgage. See *Bank Western v. Henderson*, 255 Kan. 343, 348, 874 P.2d 632 (1994) ("There is nothing in the statutes or case law which indicates that an assignment of a mortgage or the failure to record that assignment somehow affects the priority of the mortgage. 'An assignment of a mortgage is merely a formal transfer of title to the instrument.' ") (quoting *Middlekauff v. Bell*, 111 Kan. 206, 207, 207 Pac. 184 [1922]). The language of *Middlekauf* contradicts the same indebtedness arguments made by Riley County and the attorney general. It is logical then that a new fee be charged only to that portion of the mortgage covering more than what had previously been covered in a prior mortgage, regardless of who holds the original mortgage. Only that amount would otherwise be unprotected.

Both the language of K.S.A. 1993 Supp. 79-3102(d) and the policy behind it support the decisions of the district court and BOTA.

Affirmed.