Michael G. Coash, Attorney City of El Dorado 220 E. First, P.O. Box 792 El Dorado, Kansas 67042
Dear Mr. Coash:
You request our opinion regarding whether cities are required to pay mortgage registration fees upon submitting a mortgage to the register of deeds for filing. The mortgage in question is one that the state department of commerce has sought from the city as a condition of a grant to a private enterprise that is leasing city property to use in a project for which the grant was given. The mortgage evidences the department's equity interest in the property. You indicate that you have attempted to file the mortgage and have been advised by at least one register of deeds that you must pay the fee before she can file the mortgage. You suggest that the city is exempt from mortgage registration fees under K.S.A. 1995 Supp. 79-3102(d)(8) because cities are tax exempt entities.
The exceptions to the requirement of paying a mortgage registration fee upon filing a mortgage of record are contained in K.S.A. 1995 Supp. 79-3102(d). While there is no specific exception for mortgages filed by Kansas municipalities, subsection (d)(8) exempts instruments "for which the registration fee is otherwise not required by law." We must therefore determine whether cities or the mortgages they file are exempt under any other provision of law.
The mortgage registration fee imposed by K.S.A. 79-3101 et seq. has long been considered a tax by the courts of this state. Misco Industries, Inc. v. Board of Sedgwick County Commissioners, 235 Kan. 958,961 (1984); Meadowlark Hill, Inc. v. Kearns, 211 Kan. 35, 40 (1973); Missouri Pacific Railroad Co. v. Deering, 184 Kan. 283, 286 (1959); Assembly of God v. Sangster, 178 Kan. 678, 679 (1955); Home Owners Loan Corp. v. Anderson, 145 Kan. 209, 210 (1937). In 1923 the Kansas Supreme Court held that the predecessor to the current mortgage registration fee was a specific tax on property and thus was subject to the constitutional provision requiring uniform and equal taxation of property. Wheeler v. Weightman, 96 Kan. 50, 70, 77-78 (1915). Currently, the uniform and equal provision of the constitution allows the legislature to treat taxation of mortgages differently than taxation of other types of property. Kan. Const., art. 11, § 1(a).
Cities are not automatically tax exempt for all purposes, but rather rely on statutory exemptions granted by the legislature. See e.g. K.S.A. 1995 Supp. 79-3606(b) (sales tax); K.S.A. 1995 Supp. 79-201a
Second (property and ad valorem taxes). Thus, cities are not automatically exempt from payment of the mortgage registration fee. We must determine whether mortgages filed by cities have been exempted from taxation by the legislature. Pursuant to article 11, section 1(b) of the Kansas constitution, all property used exclusively for municipal purposes is exempt from property taxation.
Similarly, under K.S.A. 1995 Supp. 79-201a Second, property used exclusively by the state or any municipality or political subdivision of the state is exempt from all property or ad valorem taxes. Because the mortgage registration fee is a tax on property, if the mortgage is "used exclusively" by the state or city, as that phrase is defined in K.S.A. 1995 Supp. 79-201a Second, or is "used exclusively" for municipal or state purposes, the mortgage would be exempt from the mortgage registration fee. The definition of "used exclusively" in K.S.A. 1995 Supp. 79-201a Second that appears of relevance in this instance provides that "[a]ll property owned, . . . or operated by . . . the state or any municipality or political subdivision of the state, . . . which is used or is to be used for any governmental or proprietary function and for which bonds may be issued or taxes levied to finance the same, shall be considered to be used exclusively' by the . . . municipality or political subdivision for the purposes of this section." The underscored language does not appear to apply to a mortgage instrument. Analyzing the constitutional requirement of exclusive use (which does not have an ownership element or the requirement that bonds may be issued or taxes levied therefore), the Kansas appellate courts have considered whether certain lease arrangements constitute exclusive use and have generally interpreted the exemption narrowly following the construction rule for tax statutes that taxation is the rule and exemption the exception, and those seeking exemption have the burden of showing that they clearly come within the parameters of the exception. The Courts have generally struck down claims for tax exemption where the lease arrangement involved at least partial use of the property by a private entity. Board of Wyandotte County Commissioners v. Kansas Avenue Properties, 246 Kan. 161, 168
(1990); Tri-County Public Airport Authority v. Board of Morris County Commissioners, 245 Kan. 301, 309-311 (1989); In re Application of Park Commissioners for Ad Valorem Tax Exemption, 14 Kan. App. 2d 777,782-784 (1990); Salina Airport Authority v. Board of Tax Appeals,13 Kan. App. 2d 80, 83-85 (1988).
Whether a particular mortgage instrument is "used exclusively" by the state and or the city involves application of the provisions of article 11, section 1(b) or K.S.A. 1995 Supp. 79-201a Second to the facts of the particular situation. Based on the facts we have been provided, we are unable to say whether the mortgage in question meets the exclusive use requirement.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm