No. 73,890

In the Matter of the Application of JUDITH K. ZIVANOVIC for Relief from Mortgage Registration Fees Paid in Riley County, Kansas.

929 P.2d 1377

Opinion filed December 20, 1996.

*Lewis A. Heaven, Jr.*, of Holbrook, Heaven & Fay, P.A., of Merriam, argued the cause, and *Dan H. Myers*, of Myers, Pottroff & Ball, of Manhattan, was on the brief for appellant Riley County Board of Commissioners.

No appearance by appellee Zivanovic.

*Lewis A. Heaven, Jr.*, of Holbrook, Heaven & Fay, P.A., of Merriam, was on the brief for *amicus curiae* Kansas Register of Deeds Association.

The opinion of the court was delivered by

ABBOTT, J.: We granted a petition for review in this case to determine whether the mortgagee is subject to a mortgage registration fee pursuant to K.S.A. 1993 Supp. 79-3102(d)(3). In this case, the mortgagor's principal indebtedness was included in a previously recorded mortgage on which the mortgagee had already paid a mortgage registration fee. The original lender/mortgagee then

assigned this mortgage. The mortgagor has now returned to the original lender to refinance the loan. The question at issue is whether the mortgagee is subject to a second mortgage registration fee when the new mortgage, which has been refinanced with the original lender and which includes the principal indebtedness from the original loan, is filed. The statute at issue, which answers the above questions, is K.S.A. 1993 Supp. 79-3102(d)(3). It provides:

"(d) No registration fee whatsoever shall be paid, collected or required for or on: (3) any mortgage or other instrument upon that portion of the consideration stated in the mortgage tendered for filing which is verified by affidavit to be principal indebtedness covered or included in a previously recorded mortgage or other instrument with the same lender or their assigns upon which the registration fee herein provided for has been paid."

The Board of Tax Appeals, the District Court of Riley County, Kansas, and the Kansas Court of Appeals have all held the mortgagee is exempt from the registration fee by reason of K.S.A. 1993 Supp. 79-3102(d)(3). A majority of this court agrees.

The facts are not in dispute and are fully set forth in the Court of Appeals' opinion, *In re Application of Zivanovic*, 22 Kan. App. 2d 184, 913 P.2d 224 (1996). Highly summarized, the Zivanovics borrowed money from the First State Bank and gave a mortgage. The First State Bank paid the mortgage registration tax and assigned the note to a second financial institution, which assigned the mortgage to a third financial institution. Both assignments were recorded.

The Zivanovics then refinanced the note and mortgage with the original lender, the First State Bank, and Riley County collected a mortgage registration fee. The procedural history, as set forth in the Court of Appeals' opinion, followed.

A majority of this court agrees with the Court of Appeals' opinion and adopts the same. We have additional thoughts on the subject.

A majority of this court is of the opinion that two principles of law are applicable. The first principle is that it is the function of a court to interpret a statute to give it the effect intended by the legislature. *Amoco Production Co. v. Armold, Director of Taxation*, 213 Kan. 636, Syl. ¶ 4, 518 P.2d 453 (1994). The second principle is that

"BOTA is a specialized agency that exists to decide issues concerning taxation and valuation; its decisions should be given great credence and deference when it is acting in its area of expertise. *In re Tax Appeal of Director of Property Valuation*, 14 Kan. App. 2d 348, 353, 791 P.2d 1338 (1989), *rev. denied* 246 Kan. 767 (1990). The ruling of an administrative agency on questions of law, while not as conclusive as its findings of facts, is nonetheless persuasive and may carry with it a strong presumption of correctness. *Boatright v. Kansas Racing Comm'n*, 251 Kan. 240, 246, 834 P.2d 368 (1992). However, if the reviewing court finds that the administrative body's interpretation of a question of law is erroneous as a matter of law, the court should take corrective steps. 251 Kan. at 246. The party challenging the validity of the agency's action bears the burden of proving the invalidity of the action. K.S.A. 77-621(a)(1)." *Hixon v. Lario Enterprises, Inc.*, 257 Kan. 377, 378-79, 892 P.2d 507 (1995).

"Usually, interpretation of a statute by an administrative agency charged with the responsibility of enforcing that statute is entitled to great judicial deference. *State Dept. of SRS v. Public Employee Relations Board*, 249 Kan. 163, 166, 815 P.2d 66 (1991). The agency's interpretation of a challenged statute may, in fact, be entitled to controlling significance in judicial proceedings. Further, if there is a rational basis for the agency's interpretation, it should be upheld on judicial review." *Kansas Univ. Police Officers Ass'n v. Public Relations Bd.*, 16 Kan. App. 2d 438, 440, 828 P.2d 369 (1991).

See also *State Dept. of Administration v. Public Employees Relations Bd.*, 257 Kan. 275, 281, 894 P.2d 777 (1995); *In re Tax Appeal of Harbour Brothers Constr. Co.*, 256 Kan. 216, 221-22, 883 P.2d 1194 (1994).

K.S.A. 79-3102 (Ensley 1984) was amended in 1985. Prior to its amendment in 1985, 79-3102 read that no registration fee shall be paid, collected, or required on any mortgage or other instrument "upon that portion of the consideration stated in the mortgage tendered for filing which is verified by affidavit to be principal indebtedness covered or included in a previously recorded mortgage or other instrument *with the same lender* upon which the registration fee herein provided for has been paid."

It would appear clear to us that prior to the amendment to 79-3102 in 1985, the mortgage presently before us would have been exempt from a registration fee because the principal indebtedness was included in a previously recorded mortgage with the same lender upon which the statutory registration fee had already been paid. The fact that the same lender had assigned the mortgage would appear irrelevant. What would be relevant is that the mort-

gagee had already paid the registration fee on the money secured by the loan.

The 1985 legislature amended 79-3102 (H.B. 2354) to exempt mortgages given to development corporations certified by the United States Small Business Administration (SBA). All of the legislative history of H.B. 2354 deals with the SBA exemption.

In 1985, 79-3102 was amended. The words "or their assigns" were inserted after the words "the same lender." There is no legislative history to explain why or by whom these words were inserted. It is clear that the Kansas Bankers Association supported H.B. 2354 and in fact submitted an amendment to it that was adopted. If the legislature had intended to change the statute to charge banks a second registration fee on the same funds, one would expect the legislative history to reflect at least a mild protest from the banking industry. There is no indication from any legislative history that the legislature intended to make any change in 79-3102 other than to give "assigns" the same exemption extended to the original lender who paid the registration fee.

The legislature does not ordinarily knowingly require a useless act. Here, both parties agree that had the mortgage been reassigned to the First State Bank prior to executing the replacement mortgage, a second registration fee would not have been assessed. While reassigning the mortgage to the original lender before executing the replacement mortgage would cost time, money, and effort, there is no legal reason to do so and nothing would be gained by this act. Why would the legislature require a useless act to save the mortgagee from having to pay a second registration fee? The majority of this court does not think the legislature would or did impose such a useless requirement on a mortgagee. If the legislature did not want to grant a registration fee exemption in this situation, it could have simply repealed the exemption or stated that the "same lender" does not receive the exemption unless the lender is the present holder of the original mortgage.

Based on legislative intent and deference to the Board of Tax Appeals, we hold the mortgage registration fee exemption of K.S.A. 1993 Supp. 79-3102(d)(3) applies to an original lender, even if the

lender has assigned the original mortgage and no longer holds it at the time the second mortgage is filed.

Affirmed.

SIX, J., dissenting: The question is whether the Court of Appeals has erroneously interpreted and improperly applied K.S.A. 1993 Supp. 79-3102(d)(3) to determine that the subject mortgage is exempt from the mortgage registration fee. The question is not, as the majority states, "whether the mortgagee is subject to a second mortgage registration fee when the new mortgage, which has been refinanced with the original lender and which includes the principal indebtedness from the original loan, is filed." I do not agree that the principal indebtedness from the original loan is involved in the second borrowing. The facts as stated in the Court of Appeals' opinion will help in developing my analysis. See *In re Application of Zivanovic*, 22 Kan. App. 2d 184, 185, 913 P.2d 224 (1996).

The mortgage registration fee is a tax. See *Missouri Pacific Railroad Co. v. Deering*, 184 Kan. 283, 286, 336 P.2d 482 (1959) ("Neither the legislature nor this court has shown any disposition to disguise the evident fact that the mortgage registration fee is a tax."). Because the mortgage registration fee is a tax, an exemption must be strictly construed against the party who claims the exemption, and the party must be clearly within the exemption provisions. See *Meadowlark Hill, Inc. v. Kearns*, 211 Kan. 35, Syl. ¶ 2, 505 P.2d 1127 (1973).

The protection of notice is sought by the holder of the mortgage. K.S.A. 79-3107 provides that no mortgage shall be received in evidence and no judgment enforcing such mortgage can be obtained unless the mortgage registration fee has been paid.

All parties agree that under K.S.A. 1993 Supp. 79-3102(d)(3), a bank refinancing a mortgage that it still holds at the time of refinancing falls within the exemption. The parties disagree about whether the exemption applies to the refinanced mortgage if the original mortgagee has assigned the original mortgage before the refinancing.

Riley County argues that when the First State Bank assigned the first mortgage, First State Bank transferred all of its interest in that mortgage to the assignee. Therefore, First State Bank should not be entitled to claim the exemption when the borrower returns and obtains refinancing from First State Bank. I agree.

If the original lender is the refinancing bank but has previously assigned the original mortgage and indebtedness to another financial institution, then the refinancing is a new transaction. The refinancing bank advances new loan proceeds (all or part of which will be used to pay off the prior mortgage held by the assignee); a new note and a new mortgage document will be recorded by the refinancing bank; and the prior mortgage will be released after the assignee is paid off with funds advanced by the refinancing bank.

Attorney General Opinion Nos. 93-82 and 93-156 reasoned that after the original mortgage has been assigned, the new funds should not be treated as the same "principal indebtedness" covered by the original mortgage under 79-3102(d)(3). The exemption should not be available to the original mortgagee unless the mortgage is reassigned to it by the time refinancing is sought. I agree with the Attorney General's analysis.

If the original lender has assigned the mortgage before the mortgagor seeks refinancing with the original lender, the original debt is held by the assignee, not the original lender. When the assigned debt is paid off, a new "indebtedness" is created—not the same indebtedness on which mortgage registration tax was paid when the original mortgage was recorded.

The problem with the majority's analysis is that First State Bank is the taxpayer, not Zivanovic. "The tax is imposed upon the mortgagee and not upon the mortgagor." *Misco Industries, Inc. v. Board of Sedgwick County Comm'rs*, 235 Kan. 958, 961, 685 P.2d 866 (1984). K.S.A. 1993 Supp. 79-3102 places the responsibility for payment of the registration tax on the party seeking to obtain the protection provided by the recording.

The majority cites no authority for its conclusion that the second note/mortgage merely renews the first and therefore represents and secures the same debt as the first when the second note and mortgage are executed by a lender other than the one which holds

the first. The Zivanovics owed nothing to First State Bank at the time they sought refinancing of their original mortgage from First State Bank. Therefore, the "indebtedness" under the new mortgage should not be considered as the same indebtedness under the original mortgage, for purposes of the exemption.

The *amicus curiae* brief of the Kansas Register of Deeds Association crystallizes the issue by saying that we must decide whether the fee exemption follows the indebtedness or the debtor. K.S.A. 1993 Supp. 79-3102 is most internally consistent if the (d)(3) exemption is read as following the indebtedness. The exemption should follow the holder of the mortgage.

I disagree with the majority's conclusion that before the 1985 amendment to 79-3102(d)(3) the mortgage at issue here would have been exempt, and an assignment of a mortgage would be irrelevant to the application of the exemption. I also disagree with the majority's conclusions on legislative history. There is no indication of the Kansas Bankers Association (KBA) support for the language of H.B. 2354 at issue here. The KBA did support an exemption for any mortgage, all or part of which is insured by the federal government or an agency thereof. See K.S.A. 1993 Supp. 79-3102(d)(6). The minutes of the Committee on Commercial and Financial Institutions of February 28, 1985, reflect a submission from the KBA commenting favorably on H.B. 2354, currently 79-3102(d)(6). See Heinemann, *Legislation 1985*, 54 J.K.B.A. 157, 187 (1985) (referencing [d][6] in H.B. 2354, not [d][3]).

According to the minutes of the Committee on Financial Institution and Insurance of March 7, 1985, the phrase "or their assigns" was added to 79-3102(d)(3) by Representative David Louis' motion, seconded by Representative Bob Ott. Representative David Heinemann authored H.B. 2354. Representative Heinemann's article does not reference Representative Louis' amendment. No clue is offered as to the legislative intent behind the phrase "or their assigns."

I disagree with the majority's characterization of the reassignment of the original mortgage back to the original mortgagor to avoid a new registration fee upon refinancing as a "useless act." The majority decision shifts to the public not only the costs asso-

ciated with recording these newly exempted mortgages but also the costs of providing protection to holders of those mortgages.

I would reverse the Court of Appeals, the district court, and BOTA. No tax refund should have been ordered.

ALLEGRUCCI and DAVIS, JJ., join in the foregoing dissent.