Eric L. Witcher, Counsel Morton County Commissioners PO Box 898 Elkhart, Kansas 67950
Dear Mr. Witcher:
As counsel to the Morton County Commissioners, you pose the following questions:
 "Would a nonexempt lender need to pay the mortgage registration tax on an assignment of mortgage from a federally exempt lender? If the answer should be that the tax needs to be paid in order to be secured, what authority would the Register of Deeds have to require payment of the mortgage registration tax, if any?"
Kansas law requires that a registration fee, currently .26% of the principal debt or obligation, be paid before any mortgage of real property, or renewal or extension of such a mortgage, is filed for record with a register of deeds in the county where such property is located.[1] However, the statute also provides for a number of exemptions from this fee, including "any mortgage for which the registration fee is otherwise not required by law."[2] Federal instrumentalities that serve as lenders, such as the Home Owners Loan Corporation and the Federal Land Bank, have long been considered to fall within this exemption.[3]
Your question, however, pertains to whether the mortgage registration fee is required to be paid if the federal instrumentality assigns the mortgage to a nonexempt lender such as a private bank. The assignment of a mortgage carries with it the debt secured thereby.[4]
 "One who acquires a negotiable note secured by recorded mortgage is not, as to subsequent purchases or mortgagees, the possessor of a mere "secret equity," if no assignment of the mortgage be placed on record. Record of the mortgage is notice of its existence, and the holder is not obliged to disclose his ownership by recording his assignment in order to preserve priority of lien."[5]
Once a mortgage is recorded, all purchasers are put on actual or constructive notice of the mortgage regardless of who holds the mortgage.[6] Further,
 "As with the Laws of 1899, chapter 168, there is nothing in the current act governing real estate mortgages which limits the methods by which such mortgages can be transferred or which provides a penalty for the failure to record an assignment, except that the assignee must give the mortgagor credit for payments made to the last mortgagee or assignee of record. K.S.A. 58-2321."[7]
This being the case, if a federally exempt lender assigns a mortgage to a nonexempt lender which does not record the assignment, clearly no mortgage registration fee is required to be paid.
For reasons of its own, an assignee of a mortgage from a federally exempt lender may choose to record its assigned mortgage that, although not required, is permissible because such instrument may affect the real estate.[8] Here, the assignment of the mortgage is merely a formal transfer of title to the instrument, [9] which, as noted, carries with it the debt secured thereby. In discussing another exemption from the mortgage registration fee, [10] the Kansas Supreme Court acknowledged that when a mortgage is assigned, "the exemption should follow the holder of the mortgage."[11] The Court's reasoning is equally applicable to a mortgage assigned by an exempt lender to a nonexempt lender. Thus, a nonexempt lender who records a mortgage that was assigned by an exempt lender is not required to pay a mortgage registration fee.
Using a similar rationale, a 1961 Attorney General opinion reached the same conclusion when presented with the same question as herein:
 "In the situation presented in the above question, the debt was exempt from taxation because it was the property of the federal government. If we hold that the debt loses this characteristic by assignment to a private individual, we will then have placed a burden upon the assignment of mortgages from a federal agency to a private individual, which has not been provided by the statute imposing the mortgage registration tax."[12]
Sincerely,
 Steve Six Attorney General
 Camille Nohe Assistant Attorney General
SS:MF:CN:jm
[1] K.S.A. 79-3102(a).
[2] K.S.A. 79-3102(d)(8).
[3] Home Owners' Loan Corporation v. Anderson, 145 Kan. 209 (1937);Federal Land Bank of Wichita v. Thompson, 12 Kan.App.2d 561 (1988);see also Attorney General Opinion Nos. 77-103, 86-78 and 87-190.
[4] K.S.A. 58-2323.
[5] Middlekauff v. Bell et al., 111 Kan. 206, 212 (1992); Bank Westernv. Henderson et al., 255 Kan. 343 (1994).
[6] Application of Zivanovic, 22 Kan.App.2d 184, 188 (1996).
[7] Bank Western, 255 Kan. at 350.
[8] K.S.A. 58-2221(d).
[9] Middlekauff v. Bell, et al., 111 Kan. 206, 207 (1922); BankWestern v. Henderson, et al., 255 Kan. 343, Syl. 1 (1994).
[10] K.S.A. 79-3102(d)(3).
[11] GT, Kansas, L.L.C. v. Riley County Register of Deeds,271 Kan. 311, 322 (2001), citing dissent in Application of Zivanovic,261 Kan. 191 (1996).
[12] The propriety of not imposing a mortgage registration fee in this circumstance was affirmed in Attorney General Opinion No. 79-238.See also Attorney General Opinion No. 82-127.